**STATE of Missouri, Respondent,**

v.

**Gertrude Alta DENNISON, Appellant.**

No. 39409.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 29, 1978.

McIlrath & Williams, Robert A. McIlrath, Michael L. Maynard, Lenzie L. Leftridge, Jr., Flat River, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, J. Michael Davis, Asst. Attys. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., St. Francois County, Farmington, for respondent.

CLEMENS, Presiding Judge.

Defendant Gertrude Alta Dennison was convicted by a jury of manslaughter (Sec. 559.070, RSMo.1969) and sentenced to ten years' imprisonment. She has appealed and we affirm.

Defendant does not challenge the sufficiency of the evidence so only a brief factual recitation is necessary. Responding to a radio dispatch, police officer Jimmy Bayless arrived at defendant's home, where he

found a man lying on the floor and the defendant seated nearby. The man, defendant's husband, Roy Dennison, was dead of a gunshot wound. Defendant told police Roy and her son had been arguing all day. Roy had obtained a shotgun and threatened to shoot her son; she "could not allow that," so she wrestled the gun from Roy and shot him. Sheriff James Hickman testified he advised defendant of her *Miranda* rights, and she then admitted killing Roy because of an illicit sexual relationship between him and her daughter-in-law. She further said that she and her son had considered killing him earlier that day. Sheriff Hickman further testified defendant said she, Roy and her son had been drinking all day, arguments had broken out and Roy had threatened to kill her and her son.

Defendant first contends the trial court erred in allowing the assistant prosecuting attorney, James Pennoyer, to testify, because his right to testify was strictly limited to peculiar circumstances by the ruling in *State v. Hayes*, 473 S.W.2d 688[2, 3] (Mo.1971). The court in *Hayes* enunciated a general rule that "the right of a prosecuting attorney to testify in a criminal case 'is strictly limited to those instances where his testimony is made necessary by the peculiar and unusual circumstances of the case.'" The court noted that a prosecutor who testifies should withdraw from the case and have other counsel prosecute it. The court adopted these general guidelines to maintain consistency with its own ethical canons which provided at the time of the *Hayes'* case that when a lawyer is a witness for his client, he should "leave the trial of the case to other counsel."

In *Hayes* the prosecuting attorney interviewed the defendant (to obtain a confession) while he was incarcerated in Nevada. He endorsed himself as a witness, testified in detail regarding the confession, handled the prosecution of the case and referred to his own testimony during closing argument. This extensive intrusion into the case was clearly prejudicial to the defendant.

The *Hayes'* case is distinguishable from this one. Here, the assistant prosecutor testified while prosecuting attorney Stevenson conducted the prosecution. He joined discussions in chambers, but this could not have prejudiced the jury since it was out of the jury's presence. Furthermore, Pennoyer's testimony was limited to explaining a reference to what defense counsel had called a "script," made during defense counsel's cross examination of Sheriff Hickman. Defendant opened the door for this explanation by referring to the document as a "script" when he knew it to be a transcription of the Sheriff's statement made in response to a discovery request by defense counsel.[1] Defendant overlooks the initial statement in *Hayes*, l.c. 691, upon which we rely, that "the trial court may exercise discretion in determining to what extent and as to what matters he [the prosecuting attorney] may be permitted to testify." We find the trial court properly exercised its discretion in allowing the *assistant* prosecuting attorney to testify for the *limited* purpose of explaining a collateral matter raised by defense counsel.

Defendant next contends the court improperly refused to allow cross examination of Pennoyer about defendant's son, who had been endorsed as a state's witness but not called to testify. Since this point was not "set forth in detail and with particularity" in defendant's motion for new trial, nothing has been preserved for review. Rule 27.20(a); *State v. Sykes*, 559 S.W.2d 643[4] (Mo.App.1977). On our own motion we have reviewed the record and conclude the plain error rule is inapplicable since the court's refusal to permit cross examination about the witness who did not testify did not result in manifest injustice or miscarriage of justice.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.

---

1. Defense counsel was provided with a copy of the transcription in advance of trial.