**STATE of Missouri, Respondent,**

v.

**Douglas F. SCHADE, Appellant.**

**No. 40994.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 1979.

Spradling & Spradling, A. M. Spradling, III, Cape Girardeau, for appellant.

Bradshaw Smith, Pros. Atty., Jackson County, Richard E. Snider, John L. Cook, Cape Girardeau, for respondent.

CRIST, Judge.

Operating a motor vehicle while intoxicated.

The defendant was convicted by a jury of operating a motor vehicle while intoxicated. The trial court assessed punishment at thirty days in the county jail and a $500.00 fine. We affirm.

The defendant first contends the trial court erred by giving pattern instruction MAI–CR 3.40. The instruction, as given to the jury, states:

"Evidence has been introduced that a specimen was taken of the defendant's blood, and that upon analysis it disclosed that there was alcohol in his blood.

If you find and believe from the evidence that there was ten-hundredths or more of one percent by weight of alcohol in the blood of the defendant at the time a specimen was taken, you may infer that the defendant was intoxicated at that time but you are not compelled to do so unless you find and believe from all of the evidence beyond a reasonable doubt that the defendant was intoxicated at that time.

The State has the burden of proving beyond a reasonable doubt that the defendant was intoxicated at the time of the offense charged against him, and in determining that issue you must consider all of the evidence bearing upon that issue."

The defendant feels the trial court erred in giving this instruction because the evidence of which the instruction speaks (a lab report), which was admitted by agreement of both parties, showed the defendant's blood as type A and not type O. The defendant contends his blood type is O and that the lab report analyzed someone else's blood by mistake. The defendant relies on an expert witness who persuasively testified at trial that the defendant has type O blood and that it would be medically impossible for defendant to have had type A blood at the time of the accident. The defendant concludes that since the lab report, in his opinion, must have tested someone else's blood, there is insufficient evidence to warrant the giving of MAI–CR 3.40. He contends the instruction prejudicially buttressed the erroneous indication that the defendant's blood actually had been tested and had shown a blood alcohol content of greater than .10%.

■ We are not persuaded by defendant's contention. MAI–CR 3.40 "must be given if requested . . . in the trial of any criminal action . . . arising out of acts alleged to have been committed by any person while driving a motor vehicle while intoxicated, and in which evidence is admitted relating to the alcohol content of such person's blood." MAI–CR 3.40—Notes on Use (1979). *Accord*: Rule 20.02. The report was admitted, albeit by agreement of the parties, and the trial court was required to give the instruction. The defendant must have thought it a tactical advantage to have the lab report admitted so he could attack it. He cannot now complain that the trial court gave an instruction that must be given whenever a lab report such as the present one is admitted into evidence.

■ Defendant next complains that the assistant prosecuting attorney for Cape Girardeau County should not have been permitted to testify to certain incriminating statements made by the defendant in a civil deposition. The assistant prosecutor's testimony went to statements made by the defendant in the deposition and not to facts in the case as observed by the assistant prosecuting attorney. The assistant prosecuting attorney was not involved in the prosecution of the defendant in this case. He was not asked on direct examination if he was an assistant prosecuting attorney. His official capacity was brought out by the defendant on cross-examination. While the practice of calling an assistant prosecuting attorney to prove statements in a deposition is not to be encouraged, we find no error in this case. *State v. Johnson*, 488 S.W.2d 645, 647 (Mo.1973); *State v. Hayes*, 473 S.W.2d 688, 691–92 (Mo.1971); *State v. Dennison*, 571 S.W.2d 140, 141 (Mo.App.1978).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.