THOMPSON, Judge.
Nash appeals his conviction for dealing in stolen property, contending first that the trial court erred in concluding it was without authority to declare the office of the State Attorney for the Second Judicial Circuit of Florida disqualified to prosecute his case, and, second, that there was no competent substantial evidence to support the jury’s implicit determination that he knew or should have known that certain seafood he bought and sold had been stolen. We affirm.
At the time the appeal was taken in this case, there was case law supporting Nash’s assertion that the circuit courts of this state did have authority to disqualify the office of the state attorney from handling particular prosecutions because of the actions of the state attorney or any of his assistants. Fitzpatrick v. Smith, 432 So.2d 89 (Fla. 5th DCA 1983). However, in State v. Fitzpatrick, 464 So.2d 1185 (Fla.1985), our Supreme Court reversed the Fifth District Court of Appeal and held that the fact that an individual attorney who works in the office of the state attorney may be disqualified from acting in a *379 particular case will not necessarily require disqualification of the entire prosecutorial office. In this case, Nash’s prosecution was handled in its entirety by an assistant state attorney whose conduct has not been called into question, and not by the state attorney whose conduct Nash characterizes as unprofessional and prejudicial. In any event, we would affirm as to this issue because Nash failed to move for a change of venue and failed to demonstrate that the publication of certain intemperate and derogatory remarks made about him by the state attorney prejudiced him in any manner.
We find no merit to the contention that the jury’s verdict was not supported by competent substantial evidence.
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.