474 So.2d 1189 (1985)
STATE of Florida, Petitioner,
v.
Jose CLAUSELL, Respondent.
No. 65945.
Supreme Court of Florida.
August 22, 1985.
Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
Lori E. Barrist of Pelzner, Schwedock, Finkelstein and Klausner, Miami, for respondent.
OVERTON, Justice.
This is a petition to review Clausell v. State, 455 So.2d 1050 (Fla. 3d DCA 1984), in which the Third District Court of Appeal, in an en banc decision, disqualified the office of the state attorney from prosecuting Clausell for perjury because two assistant state attorneys, who were not otherwise involved in the actual prosecution of this case, were to be state witnesses. The district court certified the following questions as being of great public importance:
1. Is it a breach of the Code of Professional Responsibility of The Florida Bar for a State Attorney or any Assistant State Attorney in the office to continue to act as the prosecutor in a criminal case when it is his or her intention to call another Assistant State Attorney in the same office to testify at the trial of the case as to a material matter?
2. If it is a breach of the Code of Professional Responsibility of The Florida Bar for a State Attorney or any Assistant State Attorney in the office to continue to act as the prosecutor in a criminal case when it is his or her intention to call another Assistant *1190 State Attorney in the same office to testify at the trial of the case as to a material matter, is disqualification of the State Attorney and any Assistant State Attorney in the same office from prosecuting the case required whether or not prejudice to the defendant can be demonstrated?
455 So.2d at 1055-56. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the first question in the negative, finding there is no inherent prejudice in allowing an assistant state attorney who is not prosecuting the case to testify on behalf of the state. We recognize, however, that, if specific prejudice can be demonstrated, the state attorney's office should be disqualified. In view of this holding, it is unnecessary for us to answer the second question. We disapprove the en banc decision and expressly approve the original panel decision in this cause authored by Judge Pearson.
The record reflects that the respondent, Jose Clausell, was charged with perjury for giving material false statements under oath to an assistant state attorney during an official proceeding. Subsequently, Clausell allegedly retracted the statements during a conversation with another assistant state attorney. A third assistant state attorney was assigned to prosecute Clausell and, when the state announced it intended to call the two assistant state attorneys as witnesses with regard to Clausell's statements, Clausell moved to have the entire state attorney's office disqualified. He claimed that Disciplinary Rules 5-101(B)[1] and 5-102(A)[2] of The Florida Bar Code of Professional Responsibility prohibited the state attorney's office from prosecuting him. The trial court rejected Clausell's argument and denied the motion.
The district court, in the original panel decision, denied respondent's petition for certiorari and refused to disqualify the state attorney's office, noting that there is no question that a state attorney who is not prosecuting the cause may testify against the defendant. The court concluded that, since
there is no cognizable prejudice to the defendant from the fact of these Assistant State Attorneys testifying, in order to prevail on his motion to disqualify all other members of the State Attorney's office, the defendant must point to some prejudice to him which results from the office's participation in the prosecution.
455 So.2d at 1051 (citations omitted).
The district court subsequently granted rehearing en banc, rejected the panel decision, and disqualified the entire state attorney's office. The court held that it was a breach of the Code of Professional Responsibility for a state attorney to continue to act as the prosecutor in a case where the state intends to call as a witness an assistant state attorney in the same office.
Clausell asserts that the district court was correct in finding that Disciplinary Rules 5-101(B) and 5-102(A), which require disqualification of all members of a law firm when a member of the firm will be a witness in the cause, apply to the state attorney's office. The state, on the other hand, argues that the respondent has no private right to seek the enforcement of the Code's provisions; that the office of the state attorney is not a law firm for the purpose of disqualification under the Code; that there is no inherent prejudice in allowing assistant state attorneys to testify when they are not engaged in the actual prosecution; and that no prejudice was demonstrated by the respondent in this case.
*1191 In our recent decision in State v. Fitzpatrick, 464 So.2d 1185 (Fla. 1985), we recognized that state attorneys must abide by the Code of Professional Responsibility, but held that the Code was intended to make a distinction between private law firms and governmental prosecutorial offices with regard to disqualification under Disciplinary Rule 5-105. In support of our holding, we cited American Bar Association Formal Opinion 342 which explained that the imputed disqualification rule was not intended to apply to government law offices. 464 So.2d at 1187. In the instant case, we fully agree with the reasoning of Judge Pearson that "there is nothing condemnable about a member of the prosecutor's office who is not prosecuting the case testifying as a prosecution witness." 455 So.2d at 1051. To accept Clausell's position would require disqualification of the state attorney's office and the appointment of a special prosecutor in every prosecution for perjury that results from a state attorney's investigation and in all other criminal offenses in which an assistant state attorney is required to be a witness because of his presence during a confession, lineup, or other disputed stage of the investigation. Such a result is contrary to the weight of established authority. See United States v. Cerone, 452 F.2d 274 (7th Cir.1971), cert. denied, 405 U.S. 964, 92 S.Ct. 1169, 31 L.Ed.2d 240 (1972); People ex rel. Younger v. Superior Court, 86 Cal. App.3d 180, 150 Cal. Rptr. 156 (1978); People v. Mann, 27 Ill.2d 135, 188 N.E.2d 665, cert. denied, 374 U.S. 855, 83 S.Ct. 1923, 10 L.Ed.2d 1075 (1963); State v. Mercer, 625 P.2d 44 (Mont. 1981); State v. Martinez, 89 N.M. 729, 557 P.2d 578 (Ct.App.), cert. denied, 90 N.M. 8, 558 P.2d 620 (1976), cert. denied, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 367 (1977); McKenzie v. State, 507 P.2d 1333 (Okla. 1973); State v. Koller, 87 Wis.2d 253, 274 N.W.2d 651 (1979). See also United States v. Hubbard, 493 F. Supp. 206 (D.D.C. 1979), aff'd, U.S. v. Heldt, 668 F.2d 1238 (D.C. Cir.1981), cert. denied, 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 440 (1982) (fact that member of United States Attorney's office has disqualifying interest does not preclude entire office from prosecuting case); State v. Schade, 584 S.W.2d 635 (Mo. 1979) (permissible for assistant state attorney who is not involved in prosecution to testify as to incriminating statements made by defendant in civil deposition). Contra, State v. Whitworth, No. 47,978 (Mo. Ct. App. Dec. 11, 1984). In our view, requiring disqualification is also contrary to the intent and purpose of the Code of Professional Responsibility.
We reject the contention that allowing an assistant state attorney to testify in a case prosecuted by a member of the same office gives undue weight and credibility to the testimony of the assistant state attorney. In our opinion, any enhancement of the state attorney's credibility results from his position as a prosecutor and the jury's view of that credibility would not be changed if the case were prosecuted by a state attorney from another circuit. We realize that if actual prejudice can be shown, a motion for disqualification should be granted. We find, however, there is no inherent right to disqualification when a member of the state attorney's office is called as a witness in a case prosecuted by a state attorney in the same office.
Accordingly, we approve the opinion of Judge Pearson, quash the en banc decision, and remand with directions that the trial court order denying the motion to disqualify the state attorney's office be reinstated.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN and McDONALD, JJ., concur.
EHRLICH, J., concurs specially with an opinion.
SHAW, J., concurs in result only.
EHRLICH, Justice, concurring specially.
I am still of the same opinion expressed by me in my dissent in Fitzpatrick, but because of the Court's decision in that case, I concur with the majority in this case.
NOTES
[1] D.R. 5-101(B) provides, in part: "A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness... ."
[2] D.R. 5-102(A) provides, in part: "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial... ."