**John M. BAKER**

v.

**Dennis LEAHY.**

**Civ. A. No. 84–0499.**

United States District Court,
E.D. Pennsylvania.

Oct. 30, 1985.

Michael S. Gresson, Philadelphia, Pa., for plaintiff.

Maria Petrillo, Philadelphia City Solicitor's Office, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

■ In this civil rights action, plaintiff alleges that a police officer used unlawful force in arresting him. Steven Turner, Esquire, then a law student, witnessed the arrest while accompanying the defendant as a participant in the highway patrol's "Ride Along Program." Mr. Turner is now an assistant city solicitor, and is likely to be called as a witness for the defendant. Plaintiff has moved on the basis of Disciplinary Rule 5–102(A) of the ABA Code of Professional Responsibility to disqualify the city solicitor's office from representing defendant or in the alternative to preclude Mr. Turner from testifying. I conclude that on these facts there is no basis for disqualification under DR 5–102.

First, Mr. Turner, is not assuming the role of both advocate and witness in the same litigation and is therefore not acting in a dual capacity. *Cf. United States v. Birdman*, 602 F.2d 547, 551–53 (3d Cir. 1979), *cert. denied*, 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980) (dual capacity). Thus, the following concerns underlying DR 5–102(A), which are relevant in a dual capacity situation, are irrelevant here: (a) the fear that the jury will confuse the roles of advocate and witness; (b) the inappropriateness of an attorney's arguing his own credibility as a witness; (c) the risk that an advocate may not be a fully objective witness; and (d) the fear that the courtroom proceedings will not provide the appearance of justice. *See e.g. Birdman*, 602 F.2d at 553–55, 555 n. 27; ABA, Code of Professional Responsibility EC 5–9 (1981).

■ Second, the witness is a government attorney and is not a member of a private law firm. *Cf. Universal Athletic Sales Co. v. American Gym Recreational & Athletic Equipment Corporation, Inc.,*

 

546 F.2d 530 (3d Cir.1976), *cert. denied,* 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977) (witness was attorney in private law firm). This distinction is significant for two reasons: the language of the rule expressly disqualifies the "firm" of an attorney who is also a witness and does not disqualify a government office; and, the witness who is a government attorney does not have a financial interest in the outcome of litigation conducted by an affiliated attorney as does the witness who is an attorney in a private firm. This lack of financial interest justifies a narrow construction of the rule in cases where no prejudice is shown.[1] *See generally Florida v. Clausell,* 474 So.2d 1189 (Fla.1985); ABA, Committee on Ethics & Professional Responsibility, Formal Opinion 342 (1975).

Additionally, plaintiff has failed to show any prejudice which may result from the city solicitor's representation in this case. The fear that the jury may be prejudiced by the knowledge of the common employment of the witness and trial counsel may be easily prevented by the defense's not mentioning this fact. Alternatively, plaintiff's counsel may reveal the common employment to the jury and expose any potential bias on cross examination. While the witness' credibility may be enhanced in the estimation of the jury by the fact that he is an attorney, attorneys are, nevertheless, competent witnesses, *see Birdman,* 602 F.2d at 553–54, 556, and the possibility of enhancement will remain unchanged by the disqualification of the city solicitor's office. *See Clausell,* 474 So.2d at 1191; *State v. Johnson,* 702 S.W.2d 65, 70 (Mo.1985).

 Finally, a government office should not be disqualified under DR 5–102(A) where none of the policies underlying that rule would be served and where the moving party has made no showing of prejudice. *See Clausell,* 474 So.2d at 1190; *Rubino v. Mt. Vernon,* No. 82–3101, slip op.

(S.D.N.Y. April 25, 1984) [Available on Westlaw DCTU Database]. Accordingly, plaintiff's motion will be denied.

---

1. While DR 5–102(A) has been adopted by Local Rule 14 IV, it is noteworthy that its successor, ABA Model Rule 3.7, allows even an attorney from a private firm to testify in a trial conducted by another attorney from that firm.