623 So.2d 1228 (1993)
The STATE of Florida, Petitioner,
v.
Michael Lee CHRISTOPHER, Respondent.
No. 93-1606.
District Court of Appeal of Florida, Third District.
September 14, 1993.
Robert A. Butterworth, Atty. Gen., Katherine Fernandez Rundle, State Atty., and Paul Mendelson, Asst. State Atty., for petitioner.
Carl L. Masztal, Miami, Rhonda A. Anderson, Coral Gables, for respondent.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
*1229 LEVY, Judge.
The State petitions for certiorari to review an order disqualifying an assistant state attorney from prosecuting a perjury charge. We grant the petition and quash the order under review.
The respondent, Michael Lee Christopher, is a City of Miami police Lieutenant who is being prosecuted for perjury stemming from a statement he gave on September 24, 1991, regarding the Leonardo Mercado use of force incident. John Kastrenakes, one of the two Assistant State Attorneys who was present for the taking of Christopher's statement, is now one of the prosecutors in the pending perjury charge. Christopher moved to disqualify Kastrenakes from acting as a prosecutor in the case, claiming that Kastrenakes might be called as a defense witness, and that Kastrenakes' participation in the trial would prejudice Christopher's right to a fair trial. The State responded to this motion by stating that nothing Kastrenakes could testify about was helpful to the defense, and even if his testimony would be helpful, Christopher had made no showing that such testimony was unavailable from other sources. The trial judge reserved ruling on the question of whether Kastrenakes would be allowed to testify, but nevertheless found that "his presence as prosecutor poses too great a threat to defendant's due process rights." The State has petitioned for a writ of certiorari to quash this order.
Assuming that Kastrenakes does not testify, we disagree with the trial judge's conclusion that his participation violates Christopher's due process rights. In cases where members of state attorneys' offices are either material witnesses, or otherwise involved with the facts or outcome of a case, our courts have required that a showing of actual prejudice be made before a motion for disqualification of the prosecuting attorney is properly granted. See State v. Cote, 538 So.2d 1356, 1358 (Fla. 5th DCA 1989); Meggs v. McClure, 538 So.2d 518, 519 (Fla. 1st DCA 1989); Clausell v. State, 455 So.2d 1050, 1051 (Fla. 3d DCA 1984), original panel opinion approved, 474 So.2d 1189 (Fla. 1985).
Here, Christopher has made no showing as to how he will be prejudiced by Kastrenakes' participation in the prosecution. Although Christopher claims that certain circumstances surrounding the taking of his statement will be material to his defense, he has not specified what those circumstances are. Christopher has not indicated how Kastrenakes might have been involved in those circumstances, nor how Kastrenakes' testimony could establish anything that might be deemed remotely favorable to Christopher's defense.
Moreover, Kastrenakes' mere presence at the giving of the statement does not, without more, disqualify him from prosecuting the case. "[M]ere first-hand knowledge of facts that will be proved at trial is not a per se bar to representation." United States v. Hosford, 782 F.2d 936, 938 (11th Cir.), cert. denied, 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986). The fact that Kastrenakes heard the statement aurally, absent a showing of some prejudice flowing from that occurrence, does not bar his participation. See People v. District Court In And For The Third Judicial District, 192 Colo. 480, 560 P.2d 463 (1977) (prosecutor's eliciting of grand jury testimony did not bar his later prosecution of perjury charges stemming from that testimony). While we share the trial judge's concerns with assuring that Christopher receives a fair trial, we do not see Kastrenakes' participation as an obstacle to that end. Rather, we see it as the State proceeding with the assistance of the most qualified and prepared lawyer available to it, an aspect of this case not considered in the trial judge's order.
We recognize that the functions of a witness and a prosecuting attorney must be kept separate and distinct and that "the practice of acting as [both] prosecutor and witness is not to be approved and should be indulged in only under exceptional circumstances." Shargaa v. State, 102 So.2d 809, 813 (Fla.), cert. denied, 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104 (1958). See also Clausell v. State, 455 So.2d at 1051 n. 1. However, the order under review here was specifically not based upon the "witness-advocate" rule, but was based upon a due process approach. Consequently, the above line of cases is inapplicable to our analysis. Although the trial *1230 judge did not specifically rule on the question of whether Kastrenakes would be allowed to testify, we note that the record that exists in this case suggests that he will not testify. First, the State has clearly and unequivocally stated that it will not call Kastrenakes to testify on its behalf in this case. Second, the record is completely devoid of any proffer, suggestion, or intimation as to what possible knowledge, if any, that Kastrenakes might possess about which Christopher could have him testify in furtherance of Christopher's defense. In other words, the record contains nothing to suggest what the substance of Kastrenakes' testimony might be if he were to be called to testify by Christopher.
Accordingly, we grant the writ of certiorari, quash the order under review, and remand for further consistent proceedings.
Certiorari granted; order quashed.