**In re Leslie WILSON.**

**Leslie Wilson, Plaintiff,**

v.

**Cumis Insurance Society, Inc., Defendants and John D. Holmes, Prosecuting Attorney for Harris County Texas, in his Official Capacity only, defendants.**

**Bankruptcy No. 91–41786.
Adversary No. 99–4077.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

July 17, 2000.

See also 249 B.R. 503.

Keith Grayson, Little Rock, AR, for debtor.

David D. Coop, North Little Rock, AR, Chapter 13 Trustee.

Audrianna Grisham, Little Rock, AR, for Cumis Insurance Society.

### *ORDER DENYING MOTION TO DISQUALIFY*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion to Disqualify Attorney for John D. Holmes, filed on June 6, 2000, to which counsel for John B. Homes responded on June 30, 2000.

In 1995, the debtor admitted to swindling over $89,500 from her employer during the period October 1988 through April 30, 1991. Maria McAnulty, Assistant District Attorney, serving the elected district attorney of Harris County, Texas prosecuted the debtor in the state court. Thereafter, the debtor agreed to pay restitution, and orders were entered reflecting the plea agreement and sentence. After she committed the criminal acts, but four years before she entered into the plea agreement, the debtor twice filed petitions for relief under chapter 13 of the Bankruptcy Code. Case Number 91–41544 was filed on June 27, 1991, in the Eastern District of Arkansas and voluntarily dismissed by the debtor on July 17, 1991. Accordingly, no discharge was granted in that case. Moreover, the debtor did not list either her employer or any Texas governmental units in her petition. The debtor's second chapter 13 case, Case Number 91–41786, was filed in the Eastern District of Arkansas jointly with her husband immediately after dismissal of the first case, on July 23, 1991. No governmental unit or any individual working in any Texas criminal court system was ever scheduled or listed with regard to this second bankruptcy case. The debtor received her discharge on December 4, 1996, and the case was closed on December 10, 1996.

On March 9, 1998, the debtor was arrested for failing to pay the restitution as ordered by the 337 th District Court in Houston, Texas. The debtor appeared in the Texas court on March 19, 1998, and thereafter, on March 27, 1998, filed her third chapter 13 petition in the Eastern District of Arkansas. This time, the debtor listed the Texas authorities on her schedules. The Texas authorities continued with their efforts to enforce the state court orders in the criminal case. In order to finally determine whether the debt was discharged, the debtor reopened her 1991 chapter 13 case and filed this adversary proceeding seeking determination of the dischargeability of the restitution debt. The Court granted the defendant's motion for summary judgment, holding that, as a matter of law, the debt was not discharged pursuant to section 1328(a)(3). That decision is currently on appeal before the Bankruptcy Appellate Panel for the Eighth Circuit Court of Appeals, Case No.: 00–6069 (8th Cir. BAP 2000).

■■■ The debtor has filed a motion to disqualify the attorneys who represent the defendant John D. Holmes solely on the basis that Maria McAnulty may be a witness in this case. That is, the debtor asserts, without any additional supporting facts, that since a prosecuting attorney is be a witness in this proceeding, the attorneys assigned to this matter have a conflict of interest. The attorney who is a witness is an Assistant County Attorney. The attorneys who have appeared in this action on behalf of defendant John B. Homes are Joni Vollman, an Assistant *District* Attorney serving the district attorney of Harris County Texas, and Mary Baker, an Assistant County Attorney, serving the County Attorney of Harris County. Maria McAnulty has not appeared in this action but, as the individual responsible for prosecuting the debtor, is admittedly a witness in this proceeding as well as other adversary proceedings pending before this Court.[1] There is no basis for the assertion that there is a conflict of interest in the two government attorneys who are not wit-

---

1. Although the Court agrees that the final judgment in this proceeding would ordinarily render the issue of disqualification moot, the existence of related proceedings and the bankruptcy case in which the same issues may exist, and the pendency of the appeal warrant consideration and decision of the issue raised by plaintiff. In addition, the court has an interest in protecting the integrity of the judicial process, safeguarding the interests of the client and avoiding the appearance of impropriety in the proceedings, and thereby maintaining public confidence in the legal profession. *Robin v. Katten, Muchin, Zavis, Pearl & Galler*, 1986 WL 7079 (N.D.Ill. June 13, 1986).

nesses in this action representing the district attorney.[2]

■ The two Texas attorneys appearing in this action are generally governed by the rules of professional responsibility in Texas because they are licensed in that state and, as a condition of their license to practice law, must comply with those regulations. In addition, by being admitted to appear in this court for the purposes of this particular proceeding, they are also subject to the standards of professional conduct set forth in the local court rules, the Model Federal Rules of Disciplinary Enforcement as incorporated by the local rules, and the rules of professional conduct in Arkansas. *See Mitzel v. Westinghouse Electric Corp.,* 72 F.3d 414 (3d Cir.1995); *Value Property Trust v. Zim Co. (In re Mortgage & Realty Trust),* 195 B.R. 740 (Bankr.C.D.Cal.1996).

■ Rule 3.7, Model Rules of Professional Conduct,[3] governs the attorney conduct when they are likely to be a witness in the case:

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

The Arkansas version of this rule, unlike the previous Model Code provision, does not contain a provision regarding law firm disqualification. Under prior law, a law firm was also prohibited from appearing in the action if a lawyer in the firm ought to be called as a witness on behalf of the client. Although the Model Rules as promulgated by the American Bar Association contains a provision[4] regarding law firm disqualification, the rules, as adopted in Arkansas eliminate that provision. Of course, lawyers in the firm are still governed by Rules 1.7 and 1.9, governing conflicts of interest.

■ The attorneys appearing in this proceeding are not assuming the role of both advocate and witness. There is no assertion or indication that they have any role as a witness or potential witness with regard to the facts before the Court or that the debtor is in any manner even prejudiced by their appearance. None of the policy rationale for the rule are present and it appears that Rule 3.7 has no application in this proceeding. *See Baker v. Leahy,* 633 F.Supp. 763 (E.D.Pa.1985). Although the debtor asserts that the attorneys have a conflict of interest, she has failed to identify factual basis for the assertion. The mere fact that another government attorney may be a witness neither supports an inference of a conflict of interest nor even implicates the policy considerations of the rules governing professional responsibility. *See id.; cf. International Resource Ventures, Inc. v. Diamond Mining Co. of America, Inc.,* 326 Ark. 765, 934 S.W.2d 218 (1996). Accordingly, it is

**ORDERED** that the debtor's Motion to Disqualify Attorney for John D. Holmes, filed on June 6, 2000, is DENIED.

**IT IS SO ORDERED.**

---

**2.** *See generally Robin v. Katten, Muchin, Zavis, Pearl & Galler,* 1986 WL 7079 (N.D.Ill. June 13, 1986)(discussion of motions to disqualify counsel interposed for abusive, tactical reasons).

**3.** The Model Rules, with amendments, govern attorneys licensed to practice law in the State of Arkansas. Order of the Court, 287 Ark. 495, 702 S.W.2d 326 (1985)

**4.** Subsection (b) to Rule 3.7 provides: "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." The Texas version of the rule, Rule 3.08, Texas Disciplinary Rule of Professional Conduct, also contains a provision providing for law firm disqualification under certain conditions.