954 So.2d 1218 (2007)
STATE of Florida, Appellant,
v.
Ricky Louis FIELDS, Appellee.
No. 3D06-559.
District Court of Appeal of Florida, Third District.
April 18, 2007.
Bill McCollum, Attorney General and Maria T. Armas, Assistant Attorney General, for appellant.
Barakat, Prempeh & Jacobs, P.L., and Brian Barakat, Miami, for appellee.
Before COPE, C.J., and GREEN and LAGOA, JJ.
COPE, C.J.
The State seeks certiorari review of an order disqualifying the entire State Attorney's Office for the Eleventh Judicial Circuit from prosecuting Ricky Louis Fields after a mistrial. The order also limits the State's evidence at the new trial. We grant certiorari and quash the trial court's order.
Defendant-respondent Fields was charged with several counts of drug possession and drug trafficking violations involving drugs found at his home as a result of a search warrant. The defendant's wife, Mrs. Fields, was also arrested. However, she entered into a plea agreement with the State in exchange for her truthful testimony against the defendant. During the trial, Mr. Martinez, the assistant state attorney prosecuting the case, advised the court that, based upon a conversation he had had with Mrs. Fields outside the court room, he believed she was going to commit perjury if called as a witness. Mr. Martinez proffered that Mrs. Fields was going to *1220 give testimony contrary to that of her plea agreement based on her claim that she was high on heroin at the time of the plea.
After a mistrial was declared based upon other grounds, the defendant sought to disqualify the entire Miami-Dade County State Attorney's Office. The defendant argued that if Mrs. Fields were to be called as a witness in the new trial and her testimony were consistent with her prior statements given with the plea agreement, he should be able to call Mr. Martinez as an impeachment witness to testify about his conversations with Mrs. Fields. In opposing the defendant's motion to disqualify, the State argued that the defendant could use the prior trial transcript to impeach Mrs. Fields or he could call Mrs. Fields' attorney who was also privy to her inconsistent statements and could serve as an impeachment witness. The trial court agreed with the defendant and found that Mr. Martinez could be an impeachment witness for the defendant and, because his testimony would be adversarial to his whole office, disqualified the entire Miami-Dade County State Attorney's office.
We conclude that the trial court erred in disqualifying the individual prosecutor and the entire state attorney's office. Disqualification of a state attorney is proper only when specific prejudice [is] demonstrated. State v. Christopher, 623 So.2d 1228, 1229 (Fla. 3d DCA 1993). The defendant relies on United States v. Johnston, 690 F.2d 638, 644-45 (7th Cir.1982), and argues that Mr. Martinez is a material witness for the defense and, as such, disqualification is required to maintain the appearance of justice. However, "[a]ctual prejudice is something more than the mere appearance of impropriety." Meggs v. McClure, 538 So.2d 518, 519 (Fla. 1st DCA 1989).
In State v. Clausell, 474 So.2d 1189, 1191 (Fla.1985), the court held that "there is no inherent right to disqualification when a member of the state attorney's office is called as a witness in a case prosecuted by a state attorney in the same office." In Clausell, the defendant was being prosecuted for perjury after giving false statements to an assistant state attorney and then retracting the statements during a conversation with another assistant state attorney. The entire state attorney's office was disqualified after the State announced its intention to call the two assistant state attorneys as witnesses. Id. at 1190. The Florida Supreme Court rejected the argument that the jury would find the prosecutor more credible than other witnesses because of his prominence as an assistant state attorney. In addressing this argument, the court stated:
We reject the contention that allowing an assistant state attorney to testify in a case prosecuted by a member of the same office gives undue weight and credibility to the testimony of the assistant state attorney. In our opinion, any enhancement of the state attorney's credibility results from his position as a prosecutor and the jury's view of that credibility would not be changed if the case were prosecuted by a state attorney from another circuit. We realize that if actual prejudice can be shown, a motion for disqualification should be granted.
Id. at 1191. As in Clausell, the defendant here could not point to any actual prejudice which would result from the state attorney's office participation in the prosecution. The trial court did not make any finding of prejudice and, therefore, it was a departure from the essential requirements of law to disqualify Assistant State Attorney Martinez as well as the entire Miami-Dade County State Attorney's Office.
*1221 The trial court also ordered that "no additional evidence will be presented against Mr. Fields other than the original four items on the lab report provided in this case. There will be no additional [testing] of the evidence by the State of any kind. Mr. Fields will stand in the same position he was in so as not to allow the State to profit from the mistrial."
The trial court in this case found that the defense motion for mistrial was well taken, but the prosecutor had not acted with specific intent to provoke a mistrial. Since there was no intention to cause a mistrial, we are hard pressed to see a sound reason for barring any further scientific testing of the evidence prior to the retrial. See State v. Gonzalez, 695 So.2d 1290, 1292 (Fla. 4th DCA 1997). We quash that part of the order which prohibits further testing, provided that this can be accomplished without causing any delay in the new trial.
The State also challenges the "no additional evidence" language quoted above. The State contends that this language would prohibit the crime lab expert, Mr. Snips, from giving any testimony other than the exact testimony he gave on the witness stand at the first trial. The State wishes to have Mr. Snips explain to the jury how and why he selects specific quantities of drugs for testing.
By way of background, the defendant was charged with possession of narcotics. The crime lab tested a sufficient quantity of the cocaine to demonstrate that the quantity seized by the police exceeded the trafficking minimum. Once that threshold was reached, the crime lab did not perform testing on some of the other suspected cocaine which had been seized. The State desires that Mr. Snips so testify. It is not at all clear to us that the trial court intended to limit Mr. Snips so narrowly, but in any event we have quashed that part of the order and Mr. Snips may testify to any relevant matter.
We grant the writ of certiorari, quash the order under review, and remand for further proceedings consistent herewith.[*]
NOTES
[*] After the mistrial the State filed an amended information adding four new counts. The trial court dismissed the four new counts. The State does not challenge that part of the trial court's ruling.