997 So.2d 446 (2008)
STATE of Florida, Petitioner,
v.
Michael L. HAYES, Respondent.
No. 4D07-2772.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
Rehearing Denied January 23, 2009.
*447 Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellant.
Jason M. Wandner of Jason M. Wandner, P.A., Miami, for appellee.
BARZEE FLORES, MARY, Associate Judge.
The State appeals from an order of the trial court granting the defendant Michael Hayes's motion to disqualify the entire State Attorney's Office from the continued prosecution of this criminal case.
Because we find that the trial court's order prohibiting the designated representative of the Executive Branch from prosecuting this criminal case is a departure from the essential requirements of law with no adequate remedy on appeal, we construe the State's appeal as a petition for certiorari, grant it and quash the order disqualifying the State Attorney's Office.

Background
Hayes was accused in two related multi-count informations with, generally, forgery, uttering a forged instrument, dealing in stolen property, and various counts of grand theft and extortion. The alleged victims are former attorney and now sitting county court judge Jerald D. Bryant and two of Bryant's former clients.
The facts that give rise to the charges involve a period between 2003 and 2004 when Hayes worked for Bryant and a local Okeechobee church. The State alleges Hayes stole, forged and cashed checks from both and then left Bryant voicemail messages first apologizing for doing so and later threatening to make public embarrassing information he claimed to have about Bryant.
In October of 2005, defense counsel advised the court that he had negotiated a plea agreement with the State for a probationary sentence with restitution, a departure from the otherwise applicable guideline sentence, but that the parties needed more time to finalize the restitution amount. As it turned out, however, the assistant state attorney with whom he had been negotiating had by this time left the office and the newly assigned prosecutor would not agree to a probationary sentence. There was much contentious back and forth between the lawyers over whether or not an enforceable agreement had been reached and the trial judge repeatedly encouraged the parties to resolve the matter if they could. Finally, defense counsel announced that there was no agreement and that because he had detrimentally relied upon the original prosecutor's verbal agreement, he had conducted no discovery nor filed pretrial motions and was therefore not ready for trial. The case was continued.
Hayes subsequently filed various motions including a motion to change venue wherein he argued, in part, that Jerald Bryant's position in the community"as one of the most prominent attorneys in Okeechobee County"would prevent Hayes from obtaining a fair trial. He later filed a supplement to the motion arguing that his chances of obtaining a fair trial were further diminished by the fact that Jerald Bryant had been recently elected to be a county court judge in Okeechobee County.
Hayes also filed a motion to disqualify the entire State Attorney's Office claiming that the office had an inherent conflict of interest in having to prosecute a case involving an alleged victim who is a sitting county court judge before whom the office must practice every day.
Prior to a hearing on these motions, Hayes entered an open plea to the court *448 and moved for a downward departure from the sentencing guidelines based upon mental and physical disabilities.
At the sentencing hearing, and after hearing from a number of witnesses called by both sides, the trial judge found sufficient mitigating evidence for a downward departure. The State then called Judge Bryant to the stand who, when asked about the proposed probationary sentence, said he was "greatly offended" that the trial court had "injected" itself in the plea process. Bryant stated:
Your Honor, I have great respect for you. I worked with you for many months now. Uhand it's been refreshing, but I have to say that professionally and personally I was greatly offendedwhat happened was I thought what I saw I envisioned the court interjecting itself into the prosecution of this case with the plea offer that Hayes would be placed on probation, if he could establish a ground to mitigate ... but when I sat in the courtroom, and I heard that the court had said well, if you will plea, I will put you on probation, Your Honor, that offended me. And it angered me. And it angered my family.
When the hearing reconvened a few weeks later, the trial judge sua sponte recused himself from the case, stating that the parties' deep animosity towards each other, as evidenced during the protracted hearings, had turned the matter into a "fiasco."
Hayes then filed a motion to enforce the plea agreement he claimed to have reached with the original prosecutor, a motion to recuse the entire Nineteenth Judicial Circuit and a renewed motion to disqualify/recuse the entire State Attorney's Office for the Nineteenth Judicial Circuit. In the latter motion, Hayes argued that the State Attorney's Office would be "in an untenable and wholly conflicted situation if it had to contradict in any way the testimony of Jerry Bryant, the witness, while in another setting advocating and appearing before Jerry Bryant, the judge." Hayes further maintained that the close personal working relationship that had developed over the years between the prosecutors and Judge Bryant "had clearly affected the prosecutor's ability to conduct himself (and his office) in a professional detached manner..."[1] Hayes urged that recusal of the entire State Attorney's Office was warranted because the prosecutors assigned to his case "have proven over and over again that they are not seeking justice for the people of the State of Florida, but have conducted themselves as if they were the personal advocates of the alleged victim, Judge Jerry Bryant."
Because the originally assigned trial judge had recused himself, the Chief Judge heard the two motions to recuse/disqualify. Both were granted.[2]

Discussion
"The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary." United States v. Bolden, 353 F.3d 870, 878 (10th Cir.2003) (quoting Bullock v. Carver, 910 F.Supp. 551, 559 (D.Utah 1995)). Recognizing the significant separation of powers issues implicated by such judicial action, the federal appeals courts have uniformly reversed the disqualification of an entire United States Attorney's Office. See Bolden, 353 F.3d at *449 879 (noting that "every circuit court that has considered the disqualification of an entire United States Attorney's Office has reversed the disqualification"). As recently as last year, the Fifth Circuit Court of Appeals has, in an unreported opinion, reminded us that disqualification of an entire governmental attorney's office, even as a sanction, "must not be imposed cavalierly." In re Harris County, Texas, 240 Fed. Appx. 644, 646 (5th Cir.2007) (quoting FDIC v. U.S. Fire Ins. Co., 50 F.3d 1304, 1316 (5th Cir.1995)).
Our Supreme Court of Florida has held that disqualification of a prosecutor is proper "only if specific prejudice can be demonstrated." Huggins v. State, 889 So.2d 743, 768 (Fla.2004) (quoting State v. Clausell, 474 So.2d 1189, 1190 (Fla.1985)); see also State v. Fields, 954 So.2d 1218, 1220 (Fla. 3d DCA 2007) (a party seeking disqualification of the State Attorney's Office must demonstrate actual prejudice).
"Actual prejudice is `something more than the mere appearance of impropriety'" Huggins, 889 So.2d at 768 (quoting Meggs v. McClure, 538 So.2d 518, 519 (Fla. 1st DCA 1989)), and disqualification of a prosecutor is only proper when it is necessary "to prevent the accused from suffering prejudice that he otherwise would not bear." Id. Even where an Assistant State Attorney is a state witness or victim, disqualification of the entire State Attorney's Office has been found unjustified. See Clausell, 474 So.2d at 1191 ("no inherent right to disqualification when a member of the State Attorney's Office is called as a witness in a case prosecuted by an Assistant State Attorney in the same office"); Brown v. State, 455 So.2d 583 (Fla. 5th DCA 1984) (other members of a State Attorney's Office not disqualified from prosecuting a criminal case merely because one prosecuting attorney in the office is the alleged victim and a State's witness in the case). See also United States v. Cope, 2006 WL 196966 (E.D.Ky.2006)(denying habeas relief and finding no ineffective assistance of counsel where trial counsel failed to file a motion to recuse entire U.S. Attorney's Office on grounds that target of defendant's murder for hire scheme was an Assistant U.S. Attorney).
Here, there is no finding by the trial court to support the order disqualifying the entire State Attorney's Office. Rather, the record reflects that the trial court felt compelled to grant the motion based upon "an appearance of impropriety" in order to "uphold the integrity, confidence and independence of the third branch of the government." However, this pronouncement fails to recognize the difference between the standard for disqualifying a judge, see, e.g., Cave v. State, 660 So.2d 705, 708 (Fla.1995) ("[T]he motion is legally sufficient if the facts alleged demonstrate that the moving party has a well grounded fear that he or she will not receive a fair trial at the hand of the judge."), and that governing disqualification of a prosecutor, which is a higher burden and requires a showing of actual prejudice.
Hayes asks this court to affirm the decision below claiming he has in fact demonstrated actual prejudice. Hayes points to the State's withdrawal of the probationary plea offer and the fact that Judge Bryant was called as a witness at the sentencing hearing which, he claims, ultimately led the trial judge to recuse himself thereby again depriving Hayes of a probationary sentence. Hayes, however, has no right to a probationary sentence. In fact, the State enjoys the right to withdraw a plea offer at any time up until it is accepted by the court. Fla. R.Crim. P. 3.172(g) ("No plea offer or negotiation is binding until it is accepted by the trial judge formally *450 after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification") (emphasis added). Thus, it is difficult to see how Hayes could claim actual prejudice based upon the State's withdrawal of a plea offer it had every right to withdraw. As to Hayes's argument that he was "prevented" from obtaining a probationary sentence, this claim is simply too speculative since he has not yet been sentenced. Indeed, his case has now been re-assigned to a new judge (from a different circuit) who may or may not sentence Hayes to probation. Judge Bryant, of course, also had the right as the victim in the case to be heard prior to sentence being imposed. See Art. I, § 16(a), Fla. Const.; § 921.143(1), Fla. Stat. ("[a]t the sentencing hearing ... the sentencing court shall permit the victim of the crime ... to: (a) [a]ppear before the sentencing court for the purpose of making a statement under oath for the record....").
Finally, Hayes points to various executive orders entered in unrelated cases where Florida State Attorneys sua sponte requested that the Governor transfer prosecutions to another State Attorney's Office in order to avoid any appearance of conflict of interest or impropriety. While there may well be grounds in this case for the State Attorney's Office to have on its own initiative sought leave to have the Hayes matter prosecuted by a different office, and while reasonable people might find it advisable on these facts for the State Attorney's Office to do so, we cannot uphold the entire State Attorney's Office being forced by an entirely separate branch of our state government to recuse itself from exercising its constitutional prerogative to prosecute a criminal matter in Okeechobee County.
Accordingly, we grant the writ of certiorari, quash the order under review and remand for further proceedings consistent with this opinion.
Petition granted, Order quashed.
FARMER and KLEIN, JJ., concur.
NOTES
[1] Prior to his election to the bench, Bryant had been the attorney who contracted with the State to represent indigent clients when the Public Defender's Office conflicted out of a case.
[2] Although both motions were granted, only the order disqualifying the State Attorney's Office has been appealed.