591 So.2d 593 (1991)
Paul Vincent WEIR, Petitioner,
v.
STATE of Florida, Respondent.
No. 77091.
Supreme Court of Florida.
November 27, 1991.
Rehearing Denied January 28, 1992.
Alan H. Schreiber, Public Defender and Diane M. Cuddihy, Asst. Public Defender, Seventeenth Judicial Circuit, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Sr. Asst. Atty. Gen., and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
In State v. Weir, 569 So.2d 897, 899 (Fla. 4th DCA 1990), the district court of appeal certified the following question:
WHETHER A DISTRICT COURT OF APPEAL HAS CERTIORARI JURISDICTION TO REVIEW AN ORDER GRANTING A CRIMINAL DEFENDANT'S MOTION IN LIMINE FILED PRIOR TO TRIAL BUT NOT ACTUALLY RULED ON UNTIL TRIAL COMMENCED, AT THE TRIAL JUDGE'S DIRECTION, WHERE SUCH ORDER POSES POTENTIALLY IRREPARABLE HARM TO THE STATE BECAUSE APPEAL OR RETRIAL ARE NOT AVAILABLE IN THE EVENT OF AN ACQUITTAL?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We decline to extend the right of certiorari to rulings in criminal cases made after jeopardy has attached even though such rulings are predicated on motions filed prior to trial. Therefore, we answer the certified question in the negative.
This case concerned the admissibility of a dying declaration. Weir filed a pretrial motion in limine to prohibit introducing and referring to the declaration, claiming that the victim's statement did not qualify as a dying declaration. Because of the scheduling of witnesses, the court did not hear the motion until after the jury was sworn and evidence taken. At trial, the judge excluded the declaration because he found the statute authorizing admission of dying declarations unconstitutional. During a temporary recess, the State filed its petition for certiorari to the district court and obtained a stay of the trial. Later the district court issued the opinion under review.[*]
In State v. Pettis, 520 So.2d 250 (Fla. 1988), this Court recognized the right of the State to petition for certiorari to review pretrial orders in criminal cases. In doing so we stated:

*594 The ability of the district courts of appeal to entertain state petitions for certiorari to review pretrial orders in criminal cases is important to the fair administration of criminal justice in this state. Otherwise, there will be some circumstances in which the state is totally deprived of the right of appellate review of orders which effectively negate its ability to prosecute. If a nonfinal order does not involve one of the subjects enumerated in Florida Rule of Appellate Procedure 9.140(c)(1), the state would not be able to correct an erroneous and highly prejudicial ruling. Under such circumstances, the state could only proceed to trial with its ability to present the case significantly impaired. Should the defendant be acquitted, the principles of double jeopardy prevent the state from seeking review; thus, the prejudice resulting from the earlier order would be irreparable. The filing of a petition for certiorari is an apt remedy under these circumstances. Only those are granted in which the error is serious. Very little delay is involved because the petitions are usually denied on their face as not demonstrating a departure from the essential requirements of law. In fact, it would be counterproductive for the state to have a full right of interlocutory appeal from all pretrial orders because this would mean the district court of appeal would have to entertain the appeal on its merits which would often result in unnecessary delay.
Our statements in State v. C.C.[, 476 So.2d 144 (Fla. 1985)], State v. G.P.[, 476 So.2d 1272 (Fla. 1985)], and Jones v. State[, 477 So.2d 566 (Fla. 1985)] that no right of review by certiorari exists in criminal cases if no right of appeal exists are limited to orders of final dismissal. These cases shall not be construed to prohibit district courts of appeal from entertaining state petitions for certiorari from pretrial orders in criminal cases.
Id. at 253 (footnotes omitted). The Pettis holding, however, is limited to pretrial orders.
When we decided Pettis, we did not envision or intend to approve the interruption of a trial to allow review of a trial judge's ruling. Allowing such interlocutory petitions could inhibit the orderly trial of cases and could lead to incessant petitions for certiorari. If the State wants a ruling resulting from a pretrial motion reviewed, it must secure an order on that motion prior to trial. Thus, we conclude that the district court did not have jurisdiction to take the action it did.
This is not to say that we disagree with the merits of the district court's discussion of dying declarations. The trial judge wrongly excluded the dying declaration and wrongly found the law allowing such evidence unconstitutional. The district court correctly analyzed the law in this field, and we adopt its discussion on the law of dying declarations as our own. The certified question is answered in the negative, and the decision under review is therefore quashed, but its holding on the merits is approved.
It is so ordered.
SHAW, C.J. and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] On remand from the district court the trial resumed, using the dying declaration, and Weir was acquitted. Hence, he has no personal interest in this review.