KLEIN, Judge.
We grant respondent’s motion for clarification, withdraw our opinion of September 21, 1994, and substitute the following opinion.
Petitioner seeks a writ of prohibition as a result of an order denying his motion for disqualification of the trial judge. Petitioner’s sworn allegations were that: (1) the trial judge had requested and received a covertly recorded videotape of petitioner conferring with his counsel without advising petitioner of the tape’s existence; and (2) the trial judge had given advice to the individual who had recorded the tape regarding the propriety of his actions in recording the tape.
On May 31, 1994 a motion for change of venue was pending before the trial court, and petitioner and his attorneys were to appear’ by video link-up. Prior to the hearing, while petitioner and his attorneys were exchanging confidential communications, the court’s director of video operations covertly recorded and broadcasted their private conversation into the courtroom. The trial judge was not present in the courtroom at the time. In a later hearing on a motion to disqualify the prosecutor, the director admitted that he suspected that the petitioner was pretending to be incompetent, that he had told the trial judge about the videotape, and that he may have suggested that the trial court view the tape.
The director testified that the trial judge specifically requested and received a copy of the tape, and the director admitted that he had sought the advice of the judge in chambers regarding the propriety of his actions in making the tape but could not recall if the judge responded to his request. The trial judge took possession of the tape without informing the defense of its existence.
A motion for disqualification should be granted if the facts alleged therein, taken as true, would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial from the judge. Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). We conclude that petitioner’s fear of prejudice was reasonable here, where the judge took possession of the videotape without advising the defense of its existence and entertained the director’s inquiry regarding the tape.
Respondent correctly points out that the trial judge’s communication with the director about the tape is not a per se ground for disqualification. Here, however, petitioner was unable to discover the exact details of the communications due to the director’s lack of recall and the judge’s refusal to testify about the matter. We agree with petitioner that these communications, in conjunction with the judge asking for and receiving the videotape without notifying the defense, constitute a legally sufficient basis warranting disqualification.
We thus conclude that the trial court erred in failing to disqualify himself. We grant the petition but withhold the actual issuance of the writ, trusting that it is unnecessary for us to issue the writ.
Petitioner also contends that all of the actions taken by the trial court in this case after the denial of the motion for disqualification should be quashed. Florida Rule of Judicial Administration 2.160(h), however, provides:
Prior Rulings. Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.
Rule 2.160 became effective January 1, 1993. The Florida Bar re: Amendment to Florida Rules of Judicial Administration, 609 So.2d 465 (Fla.1992). This subsection is consistent with the law prior to the adoption of the rule. See Barber v. MacKenzie, 562 So.2d 755 (3d DCA 1990), review denied, MacKenzie v. Barber, 576 So.2d 288 (Fla.1991). We therefore decline to quash all of the actions taken by the trial court subsequent to the denial of the motion for disqualification, without prejudice to petitioner seeking reconsideration pursuant to rule 2.160(h).
GUNTHER and FARMER, JJ., concur.