**Daniel Lee ATWOOD and Janice Lee Corneal, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**BURLINGTON INDUSTRIES EQUITY, INC., Burlington Industries, Inc., Morgan Stanley Group, Inc., Donald Brennan, Alan E. Goldberg, Frank S. Greenberg, Park R. Davidson, George C. Waldrep, Eugene D. Smith, Karen Hall, and NationsBank Trust Company, Defendants.**

No. 2:92CV00716.

United States District Court,
M.D. North Carolina,
Greensboro Division.

May 23, 1995.

Fred T. Hamlet, Greensboro, NC, Lindsay R. Davis, Jr., Tonola D. Brown, Hill, Evans, Duncan, Jordan & Davis, P.L.L.C., Greensboro, NC, Steven W. Quattlebaum, Williams & Anderson, Little Rock, AR, Andrew S. Golub, Susman Godfrey, L.L.P., Houston, TX, William H. White, Houston, TX, and Alson R. Martin, Robert D. Grossman and Gregory B. Kuhn, Shook, Hardy & Bacon, P.C., Overland Park, KS, for plaintiffs.

James T. Williams, Jr., Stanley Leigh Rodenbough, IV, James Conrad Adams, II, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, Robert A. Wicker, Greensboro, NC, James Henry Jeffries, IV, Amos & Jeffries, L.L.P., Greensboro, NC, William H. Sutton, Friday, Eldredge & Clark, Little Rock, AR, Kenneth M. Kramer, Shearman & Sterling, New York City, Thomas S. Martin, Shearman & Sterling, Washington, DC, Keith W. Vaughan, H. Grady Barnhill, Jr., Charles A. Burke, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, Vincent W. Foster, Jr., Rose Law Firm, Little Rock, AR, Jonathan J. Lerner, Seth M. Schwartz, Michael Gruenglas, Skadden, Arps, Slate, Meagher & Flom, New York City, Larry B. Sitton, Benjamin F. Davis, Jr., Smith Helms Mulliss & Moore, Greensboro, NC, Peter Q. Bassett, Philip C. Cook, John E. Stephenson, Jr., Alston & Bird, Atlanta, GA, and Robert R. Ross, Arnold, Grobmyer & Haley, Little Rock, AR, for defendants.

Arthur A. Vreeland and Kenneth L. Jones, Carruthers & Roth, P.A., Greensboro, NC, for interpleaders.

*MEMORANDUM OPINION*

OSTEEN, District Judge.

This matter comes before the court on Defendants' Motion to Compel. Defendants seek to compel answers to certain questions posed at the depositions of the representative Plaintiffs, Daniel Atwood and Janice Corneal. For the reasons stated herein, Defendants' Motion to Compel will be granted.

## I. FACTUAL BACKGROUND

Defendants seek to require Plaintiffs to answer certain questions posed to them at their respective depositions. Plaintiffs were deposed separately. At both depositions, counsel for Defendants inquired as to conversations which occurred at meetings between each representative Plaintiff, Plaintiffs' counsel Andrew S. Golub of Susman Godfrey, L.L.P., and a representative of the Amalgamated Clothing and Textile Workers Union,[1] Michael Zucker. Each of the Plaintiffs met separately with Golub and Zucker, and the meetings at issue were the first time each Plaintiff had met with a lawyer regarding this action. In the meetings, the union representative introduced each Plaintiff to Attorney Golub, the issue of representation was discussed, and the decision was made that Attorney Golub and his law firm would represent each Plaintiff. Both Atwood and Corneal testified separately that each instructed a union representative[2] to locate counsel willing to undertake representation in this litigation, and the union, through Zucker, arranged the meetings wherein each Plaintiff agreed to have Attorney Golub and his law firm represent them. At the depositions of both Atwood and Corneal, counsel for Plaintiffs objected on the grounds of attorney-client privilege to Defendants' inquiries regarding the substance of the conversations that occurred at these meetings and instructed each Plaintiff not to answer.

Defendants argue that, although the conversations took place between attorney and client, the presence of the union representative at the meetings destroys the attorney-client privilege cloaking the conversations. Plaintiffs, on the other hand, assert that the union representative was their agent for the purpose of locating and securing counsel, and that the presence of an agent to an otherwise privileged communication does not destroy the privilege.

## II. DISCUSSION

 The attorney-client privilege prohibits the disclosure of a communication if:

1) the asserted holder of the privilege is or sought to become a client;

2) the person to whom the communication was made

 a) is a member of the bar of a court, or his subordinate, and

 b) in connection with this communication is acting as a lawyer;

3) the communication relates to a fact of which the attorney was informed

 a) by his client

 b) without the presence of strangers

 c) for the purpose of securing primarily either

 i) an opinion on law or

 ii) legal services or

 iii) assistance in some legal proceeding, and

 d) not for the purpose of committing a crime or tort; and

4) the privilege has been

 a) claimed and

 b) not waived by the client.

*Parsons v. Jefferson–Pilot Corp.*, 141 F.R.D. 408, 417 (M.D.N.C.1992). Statements made while intending to employ a lawyer are privileged even though the lawyer is not yet

---

1. The union had been attempting to organize the Burlington plant where Plaintiffs were employed. Neither Plaintiff has ever been a member of the union, although both were associated with and, apparently, supported the unionization movement.

2. Both Atwood and Corneal asked a union representative other than Zucker to locate counsel for

them. Each Plaintiff testified that he or she asked "a union rep" to arrange a meeting with a competent attorney, and that the union rep each asked was not Zucker. However, in both cases, it was Zucker who was the union representative present at the meetings. Both Plaintiffs assert by affidavit that they wanted Zucker at the meetings and intended the meetings to be confidential.

employed. *In re Grand Jury Proceedings Under Seal,* 947 F.2d 1188, 1190 (4th Cir. 1991).

■ The purpose of this privilege is to encourage "full and frank communications between attorneys and their clients and thereby promote broader public interests in the observances of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). Nevertheless, because the privilege impedes the "full and free discovery of the truth," it is not favored by the federal courts. *In re Grand Jury Proceedings,* 727 F.2d 1352, 1355 (4th Cir.1984). The burden is on the proponent of the attorney-client privilege to demonstrate its applicability. *United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir.1982).

■ Ordinarily, the presence of a third party at an otherwise privileged communication destroys the privilege. *Parsons,* 141 F.R.D. at 417. However, the presence of a third party will not vitiate the privilege if the third party is the client's agent. *See In re Grand Jury Proceedings Under Seal,* 947 F.2d at 1190–91. A client has the privilege to refuse to disclose communications "between himself and his representative and his lawyer." Supreme Court Standard 503(b).[3] The presence of this third party must be consistent with an intention to keep the communication confidential. *In re Consolidated Litigation Concerning Int'l Harvester's Disposition of Wisconsin Steel,* 666 F.Supp. 1148, 1156 (N.D.Ill.1987).

■ The existence of an agency relationship, for attorney-client privilege purposes, does not require an employment relationship. *Carte Blanche (Singapore) PTE Ltd. v. Diners Club Int'l, Inc.,* 130 F.R.D. 28, 34 (S.D.N.Y.1990). The key question is whether, despite the presence of the third party, the client reasonably understood the confer-

ence to be confidential. *Kevlik v. Goldstein,* 724 F.2d 844, 849 (1st Cir.1984).

Defendants assert that this case is akin to *Liggett Group, Inc. v. Brown & Williamson Tobacco Corp.,* 116 F.R.D. 205 (M.D.N.C. 1986), wherein no privilege was found to exist. In *Liggett,* the plaintiff sought discovery of communications between a defendant, its attorney, and the representative of a company that designed packaging for Defendant's cigarettes. The defendant asserted that the meeting was held for the purpose of soliciting legal advice on the design of the packaging, and that the design company representative was there to explain relevant facts to the attorney. Liggett, on the other hand, asserted that the design company was an independent third party whose presence destroyed the confidentiality of the meeting.

The court found that the communications at the meeting were not privileged, because the design company was not an agent of the defendant but rather a "completely independent corporation" that was present at the meeting only to conduct "business negotiations and dealings." *Liggett,* 116 F.R.D. at 211. The court held that the design company's "working relationship" with the defendant was insufficient to create an agency relationship for the purposes of attorney-client privilege. *Id.* The presence of the defendant's attorneys, even if counsel were present to become informed of the dealings in order to properly render legal advice, did not serve to cloak the meeting with privilege.

Plaintiffs, on the other hand, contend that the circumstances at bar are akin to those in which the Fourth Circuit has previously found a privilege to exist. In *In re Grand Jury Proceedings Under Seal,* 947 F.2d 1188 (4th Cir.1991), the Fourth Circuit held that communications at a meeting between a client, his attorney, and his accountant were privileged. The communications regarded tax advice, and the client had come under grand jury scrutiny for tax evasion. The

---

**3.** The Fourth Circuit has approved the Supreme Court Standard as "a comprehensive guide to the federal common law of attorney-client privilege." *United States v. (Under Seal),* 748 F.2d 871, 874 n. 5 (4th Cir.1984).

As originally proposed, the Standard defined "representative of the client" as "one having

authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client." 46 F.R.D. at 161–62 (1969). However, this definition was dropped in favor of a case-by-case approach.

court held that the accountant's presence at the meeting did not destroy the privilege because he was previously involved in the preparation of and discussion of the client's tax matters. According to Plaintiffs, the union representative present at the meetings in the case at bar is functionally equivalent to the accountant in *Grand Jury Proceedings,* and, therefore, the privilege should apply.

 Although it is a very close question, a privilege cannot be found to exist under the circumstances at bar. Because the attorney-client privilege is inconsistent with the general duty to disclose and impedes investigation of the truth, it must be strictly construed. *In re Grand Jury Proceedings,* 727 F.2d at 1356. In light of this strict construction, the circumstances at bar are more akin to the scenario in *Liggett* than that in *Grand Jury Proceedings.* Although Plaintiffs asked the union representative to locate counsel for them, there existed no formal relationship between Plaintiffs and the union of the degree and magnitude that could be considered parallel to relationships found sufficient to create agency for the purposes of attorney-client privilege. Plaintiffs and the union did have a relationship; however, there exists no basis for finding that this relationship rose above the mere "working relationship" that the court in *Liggett* found was unable to support a finding of agency for the purposes of attorney-client privilege. Cases finding an agency relationship sufficient to uphold an attorney-client privilege involve relationships with familial or professional aspects. *See, e.g., In re Grand Jury Proceedings,* 947 F.2d 1188 (4th Cir.1991) (accountant-client relationship), *Kevlik v. Goldstein,* 724 F.2d 844 (1st Cir.1984) (father-son relationship). The relationship between Plaintiffs and the union may have been beneficial, but the relationship lacks the formal aspects necessary to rise to the level of agency for the purposes of attorney-client privilege.

## III. CONCLUSION

In sum, the court finds that the presence of the union representative at the meetings between Plaintiffs and their counsel destroyed any attorney-client privilege over the communications made at the meetings. The relationship between Plaintiffs and the union is unable to support a finding of agency sufficient to cloak the communications in attorney-client privilege. For the reasons stated herein, Defendants' Motion to Compel will be granted.