665 So.2d 301 (1995)
Emilio Jesus NUNEZ, Petitioner,
v.
The STATE of Florida and The Honorable Howard M. Zeidwig, Circuit Court Judge of the 17th Judicial Circuit in and for Broward County, Florida, Respondents.
No. 95-0762.
District Court of Appeal of Florida, Fourth District.
December 13, 1995.
Rehearing, Rehearing, Clarification and Certification Denied January 19, 1996.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for respondents.
Rehearing, Rehearing En Banc, Clarification and Certification Denied January 19, 1996.
DELL, Judge.
Petitioner seeks certiorari review or, in the alternative, mandamus review of the order denying reconsideration of the motion to disqualify either the Office of the State Attorney for the Seventeenth Judicial Circuit or Assistant State Attorney Chuck Morton. We treat the petition as one for writ of certiorari.
In Nunez v. Backman, 645 So.2d 1063 (Fla. 4th DCA 1994), the court granted a writ of prohibition and quashed the Honorable Paul L. Backman's order denying a motion to recuse him from further participation in this case. This court's opinion included the following facts:
On May 31, 1994, a motion for change of venue was pending before the trial court, and petitioner and his attorneys were to appear by video linkup. Prior to the hearing, while petitioner and his attorneys were exchanging confidential communications, the court's director of video operations covertly recorded and broadcasted their private conversation into the courtroom. The trial judge was not present in *302 the courtroom at the time. In a later hearing on a motion to disqualify the prosecutor, the director admitted that he suspected that the petitioner was pretending to be incompetent, that he had told the trial judge about the video tape, and that he may have suggested that the trial court review the tape....
Petitioner also alleges that Assistant State Attorney Chuck Morton was present in the courtroom and overheard the broadcast of the conversation that he had with his counsel at the Pompano Detention Facility. While the record is not clear as to the nature of the conversations between petitioner and his counsel, it does appear they discussed matters relating to an insanity defense. The prosecutor admits to inadvertently hearing the conversation between petitioner and his counsel, but contends that he is unaware of its substance. Witnesses who overheard the conversation testified that petitioner and his counsel were discussing petitioner's insanity defense. The prosecutor made no attempt to leave the room once he noticed that the conversation was being broadcast. Thus, the prosecutor did not voluntarily attempt to minimize the likelihood of prejudice by leaving the room. Moreover, the prosecutor apparently intends to use the videotape of the covertly taped confidential communications to disprove petitioner's proof of incompetence as demonstrated by a hypothetical question posed to petitioner's expert witness at the competency hearing.
To disqualify a state attorney, petitioner must show actual prejudice. State v. Clausell, 474 So.2d 1189 (Fla. 1985) (approving Clausell v. State, 455 So.2d 1050 (Fla. 3d DCA 1984)); Meggs v. McClure, 538 So.2d 518 (Fla. 1st DCA 1989). Here, the prosecutor not only had the opportunity to hear the communications, he also observed the exchange between petitioner and his counsel and as stated above intends to use the videotape in the prosecution of the state's case. Under the circumstances of this case, petitioner has been irreparably harmed and has suffered actual prejudice. We therefore hold that the trial court departed from the essential requirements of the law when it denied the motion to disqualify the individual prosecutor. However, the record does not support the motion for disqualification of the entire state attorney's office.
Accordingly, we grant the petition for writ of certiorari and quash the order denying disqualification as it relates to the individual assistant state attorney. We deny certiorari as to disqualification of the entire state attorney's office. We remand with directions to recuse the assistant state attorney from further participation in this case.
CERTIORARI GRANTED in part.
GLICKSTEIN and WARNER, JJ., concur.