920 So.2d 668 (2006)
Isa BLACK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-59.
District Court of Appeal of Florida, Fifth District.
January 6, 2006.
Rehearing Denied February 15, 2006.
*669 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Isa Black, appeals the judgment and sentence imposed upon him after his conviction by jury trial of robbery with a firearm[1] and aggravated assault[2] with a firearm. In each case the jury returned special findings that Mr. Black possessed a firearm during the commission of the offense, and wore a hood or mask. He seeks a new trial on the basis of the admission at trial of certain testimony of Mr. Black's former lawyer. Mr. Black posits that the telephone conversation that was the basis for this testimony was protected by the attorney-client privilege, and that by admitting the testimony into evidence, the trial court abused its discretion. We conclude, however, that the communication in issue between Mr. Black and his former counsel was not confidential, and was not, therefore, protected by the privilege.
At trial the State offered into evidence a number of taped telephone conversations purportedly initiated by Mr. Black, who at the time was in pretrial detention at the Orange County Jail. One of the taped conversations was between Mr. Black and his former attorney, Mr. Reinhart. The telephone call was initially made by Mr. Black to his sister. She then established a three-way conversation between Mr. Black, Mr. Reinhart and herself. While Mr. Black and the attorney spoke, the sister remained on the line. After the conversation between her brother and the attorney ended, she stayed on the line and continued to talk to Mr. Black. When Mr. Black first placed the telephone call, an automated voice advised that "this call is subject to monitoring and recording." Indeed, the conversation was recorded.
During the trial, the State called Mr. Black's former attorney to authenticate the taped telephone call, and to identify the voice of Mr. Black, as well as the other voices on the recording. Mr. Black objected on the basis of the attorney-client privilege, but the trial court found both the attorney's testimony and the tape to be admissible. The taped conversations contained incriminating admissions.
When we review a trial court's decision to admit or exclude evidence, we do so using an abuse of discretion standard. See Stewart & Stevenson Servs., Inc. v. Westchester Fire Ins. Co., 804 So.2d 584, 587 (Fla. 5th DCA 2002). We find no abuse of discretion in this case.
Section 90.502, Florida Statutes, codifies the attorney-client evidentiary privilege. Subsection (2) of the statute indicates that a client has a privilege to refuse to disclose, "and to prevent any other person from disclosing," the contents of a "confidential" communication when the other *670 person learned of the communication by virtue of its being made in connection with the rendition of legal services to the client. More importantly for our analysis, however, is the limitation to the privilege contained in section 90.502(1)(c), which reads:
A communication between lawyer and client is "confidential" if it is not intended to be disclosed to third persons other than:
1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
2. Those reasonably necessary for the transmission of the communication.
The State argues that while these communications were certainly between the attorney and his client, they were not privileged because they were made in the presence of a third party (Mr. Black's sister), and because Mr. Black was warned at the outset that the telephone conversations were being monitored and taped. The State's position, we think, is well-founded.
A number of cases have pointed out that the attorney-client privilege only attaches to communications that are not intended to be disclosed to third persons who are not furthering the rendition of legal services. In Mobley v. State, 409 So.2d 1031 (Fla. 1982), for example, the defendant communicated with his lawyer in a prison cell where the defendant knew another inmate would overhear. The Florida Supreme Court concluded that the fact that the defendant knew his conversation would be overheard contradicted his contention that the conversation was confidential. The court held that because the defendant failed to take advantage of the jail's private facilities for such meetings, he waived the privilege. Similarly, in Johnston v. State, 497 So.2d 863, 867 (Fla.1986), the Florida Supreme Court again determined that a defendant could not claim the benefit of the attorney-client privilege with respect to certain letters that he sent to his attorney, because he also sent copies of letters to his girlfriend and the police. As the defendant made no attempt to shield the letters from disclosure to third parties, they could not be considered to be confidential communications within the meaning of section 90.502(1)(c).
The lesson to be derived from these cases is that the confidentiality of a conversation is dependent upon "whether the person invoking the privilege knew or should have known that the privileged conversation was being overheard." Mobley, 409 So.2d at 1038. See Proffitt v. State, 315 So.2d 461 (Fla.1975), aff'd, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). In the present case it is quite clear that Mr. Black's sister was purposely included in the conversation and would have overheard the communications between Mr. Black and the attorney. It is equally clear that Mr. Black was fully warned in advance that his telephone conversation was being monitored and taped by jail authorities. As Mr. Black knew or should have known that the communication was being overheard, we find no fault in the trial court's ruling that the conversation was not confidential.
Mr. Black seeks solace in Gerheiser v. Stephens, 712 So.2d 1252 (Fla. 4th DCA 1998). There, a conversation between an attorney and the mother of a criminal defendant was found to be privileged because the defendant's mother acted as his agent in obtaining legal counsel. The defendant had asked his mother to hire a lawyer for him while he was incarcerated, and apparently had no other way of contacting the lawyer. The court, with an eye to section 90.502(1)(c)2., determined that the defendant's mother had been acting as her son's agent, and that because her action was "reasonably necessary for the transmission *671 of the communication," the privilege as to those communications remained intact.
There are three problems with Mr. Black's reliance on Gerheiser. First, there was no showing by Mr. Black that he was required to have his sister make the call for him. He suggests that he had to use the three-way telephone conversation because his former lawyer would not accept collect calls from the jail, but he made no showing that this was true. Second, there was no explanation offered by Mr. Black of why his sister had to remain on the line after communication with the attorney was established. Third, he has never adequately explained why he would talk to his lawyer on a telephone line that he knew or should have known was being monitored and recorded. As the burden of establishing the existence of the attorney-client privilege rests on the party asserting it, the failure to establish the necessity of using the three-way procedure must fall on Mr. Black. See Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1383 (Fla. 1994); Carnival Corp. v. Romero, 710 So.2d 690, 694 (Fla. 5th DCA 1998).
While we have no interest in trying to encourage the State to use conversations between an attorney and his or her client in the criminal prosecution of the client, a practice that we believe to be fraught with danger, we can find no abuse of discretion in the admission of Mr. Black's conversations with his former lawyer under the peculiar circumstances of the present case. Accordingly, we affirm.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat.
[2] § 784.021(1)(a), Fla. Stat.