4 So.3d 712 (2009)
STATE of Florida, Petitioner,
v.
Luis MARTINEZ, Respondent.
No. 4D09-177.
District Court of Appeal of Florida, Fourth District.
February 24, 2009.
Rehearing Denied April 3, 2009.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for petitioner.
John R. Howes, Fort Lauderdale, for respondent.
*713 DAMOORGIAN, J.
The State petitions for a writ of certiorari or prohibition seeking review of an order disqualifying the Office of the State Attorney for the Seventeenth Judicial Circuit based on the prosecutors' violation of the criminal defendant's right to confidential communication with his lawyer.
While at trial, defense counsel discovered that a prosecutor in the case listened to two telephone conversations between defense counsel and his client that were recorded on an automated system at the county jail. During the calls, defense counsel discussed a number of subjects including: the testimony of several witnesses who had already been called at trial; witnesses who could be called, some of whom might be helpful to the defense; counsel's perceptions of how the trial was going; counsel's strategy for dealing with certain witnesses; counsel's plan for closing argument; and other issues regarding trial planning. After receiving copies of the recorded calls, defense counsel moved to dismiss the charge against his client for prosecutorial misconduct.
The trial court held an evidentiary hearing over four days, allowed supplemental briefing, and heard additional argument before ruling on the motion. The trial court held that the authorities cited by the State were factually distinguishable and that there was no waiver of the attorney-client privilege based on the circumstances in this case. The trial court denied the motion to dismiss but ordered disqualification of the State Attorney's Office. The trial court concluded that the lesser sanction of disqualification of the individual prosecutors would not suffice because the recordings were heard by a number of attorneys and the contents were discussed throughout the State Attorney's Office, distinguishing this case from Nunez v. State, 665 So.2d 301 (Fla. 4th DCA 1995).
Martinez moved to dismiss this petition, arguing that this court does not have jurisdiction based on Weir v. State, 591 So.2d 593 (Fla.1991). We agree. In Weir, the Florida Supreme Court held that the State's ability to seek certiorari review of an interlocutory order in a criminal case is limited to pretrial orders. Id. at 594 (discussing State v. Pettis, 520 So.2d 250 (Fla.1988)); see also State v. Gaines, 770 So.2d 1221, 1227 n. 8 (Fla.2000) (citing Weir and noting that "in allowing the State to petition for certiorari, we have expressly recognized that this right is limited to pretrial orders"); PHILLIP J. PADOVANO, FLORIDA APPELLATE PRACTICE § 25.24, 620 (2007-08 ed.) (discussing Weir and observing that "[t]he district court of appeal does not have jurisdiction to review an unappealable nonfinal order by certiorari if the order is entered after jeopardy has attached"). Once jeopardy attaches, the State cannot get immediate review of a nonfinal order. Although review may be available in the event of a mistrial, in general we have found no exception to this rule. See Gaines, 770 So.2d at 1227-29. For sound reasons, the State simply does not have the same rights of review as other litigants.[1]Id. at 1227 n. 8.
Contrary to the dissent's view, we believe the Florida Supreme Court in Gaines necessarily considered whether the writ of certiorari is available to review a nonfinal order entered during trial. Gaines, 770 So.2d at 1228-29. In addressing jurisdiction of a nonappealable nonfinal order, the Court had occasion to reconsider Weir and whether the holding in Weir was premised *714 on the State's ability to secure a ruling before trial. See Fla. R.App. P. 9.040(c) (providing that if the wrong remedy is sought, an appellate court has an obligation to treat the matter as though the proper remedy was sought). The Court in Gaines suggested two alternative ways the State might get review of an adverse ruling on a motion to suppress during trial but recognized that certiorari is not available by citing Weir. 770 So.2d at 1227 n. 8.
It is significant that the Court did not consider certiorari an available alternative even though the Court was aware of the substantial impact such orders could have on the State's case. Gaines involved the suppression of evidence that completely prevented the State from prosecuting the defendant. By contrast, the order in this case does not have the same impact on the State's ability to prosecute.
The reasons for not allowing interlocutory review of orders entered during trial include "the double jeopardy implications that would arise" and policy concerns regarding the interruption of trials and the potential increase in certiorari petitions being filed. Gaines, 770 So.2d at 1225; Weir, 591 So.2d at 594. At a minimum, interlocutory review during criminal trials would cause the trials to stop and would require continuances and rescheduling that would make it difficult for trial courts to manage their dockets. Delay during trial could prompt mistrials, and in some circumstances the prohibition against double jeopardy may bar retrial. See Thomason v. State, 620 So.2d 1234, 1236-37 (Fla. 1993).
Even if we were to conclude that Weir and Gaines are not controlling and that extraordinary writ jurisdiction may be invoked to review an order entered after a criminal trial commences, we would deny the petition in this case because the trial court did not depart from the essential requirements of law. See Pettis, 520 So.2d 250; see also State v. Smith, 951 So.2d 954, 958 (Fla. 1st DCA 2007) (recognizing that the standard for certiorari review "pertains to the seriousness of the error, not the impact of the ruling"). The trial court entered a thoughtful order after an extensive evidentiary hearing. The State has provided the transcripts of the hearing, which we have reviewed. The record supports the trial court's findings that the case law cited is distinguishable and that there was no waiver of the attorney-client privilege based on the circumstances in this case. Although the order states that the trial court did not need to consider the contents of the calls in making its ruling, the recordings were played during the hearing, the contents were discussed at length, and the trial court expressly found that the calls contained trial strategy. The order also recognizes that the conversations included privileged information that has been discussed throughout the State Attorney's Office. The failure to address the contents of the conversation in the order and expressly find actual prejudice is not "a violation of a clearly established principle of law resulting in a miscarriage of justice." See Pettis, 520 So.2d at 254. Even if we had jurisdiction, we would conclude that the State has not shown a preliminary basis for relief, and a response from the defendant would not be necessary. Fla. R.App. P. 9.100(h).
The petition is dismissed.
STEVENSON, J., concurs.
MAY, J., dissents with opinion.
MAY, J., dissenting.
I respectfully dissent from the dismissal of the petition. I acknowledge that no Florida statute, rule, or case has expressly authorized the petition that is now before *715 us. Equally, no statute, rule, or case has expressly prohibited this court from considering the petition now before us.
The majority relies on three cases to support its decision to dismiss the petition. State v. Gaines, 770 So.2d 1221 (Fla.2000); Weir v. State, 591 So.2d 593 (Fla.1991); and State v. Pettis, 520 So.2d 250 (Fla. 1988). My reading of these cases does not lead me to the same conclusion.
Gaines involved an appeal from a dispositive suppression order; not a petition for certiorari. The court's focus was on whether a dispositive suppression order issued after the trial had begun could be appealed and whether section 924.07(1)(l), Florida Statutes (1997), was unconstitutional because it allowed for such an appeal. The supreme court held that the statute was unconstitutional "to the extent that it provides the State with the right to an interlocutory appeal not provided by court rule." Gaines, 770 So.2d at 1225. The court then discussed the serious double jeopardy implications that arise when a suppression order is entered after jeopardy has attached. I acknowledge that the court addressed an order issued after the trial had begun. But, its discussion of certiorari was limited to a sentence in a footnote, referencing Weir. See id. at 1227 n. 8. There was no express holding or even significant discussion of the writ of certiorari.
Weir involved a pre-trial motion determined during trial. There, the court answered the following certified question:
Whether a District Court of Appeal has certiorari jurisdiction to review an order granting a criminal defendant's motion in limine filed prior to trial but not actually ruled on until trial commenced, at the trial judge's direction, where such order poses potentially irreparable harm to the state because appeal or retrial are not available in the event of an acquittal?
Weir, 591 So.2d at 593. The court answered the question "no." Significantly, however, Weir involved a situation where the issue arose prior to trial, but was not resolved until after trial. It did not involve a situation where the issue arose only after the trial had begun.
Here, the issue giving rise to the order occurred after the trial began and could not have been raised prior to the trial. This is precisely what petitions of certiorari were designed to address. Moreover, Weir involved an evidentiary ruling where "incessant petitions for certiorari" that would "inhibit the orderly trial of cases" was a justifiable reason for denying relief. Id. at 594. Here, the disqualification of the entire State Attorney's Office is not an evidentiary ruling. And, unlike Gaines, resolving this issue during trial would not result in a double jeopardy violation.[2]
In Pettis, our supreme court recognized the need to use the writ of certiorari to provide review of matters otherwise not subject to appeal by statute. In doing so, the court noted that
[s]ince that writ provides a remedy only where the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari.
*716 Pettis, 520 So.2d at 252. Those procedural requisites insure that only the most egregious of errors will result in the granting of a petition. For these reasons, I would not dismiss the petition for jurisdictional reasons.
Because we have not yet ordered a response, I cannot opine whether the petition should be granted. There are cases that would suggest that the trial court may have deviated from the essential requirements of the law. See, e.g., Nunez v. State, 665 So.2d 301 (Fla. 4th DCA 1995) (disqualification of a state attorney requires a showing of actual prejudice); Meggs, Second Judicial Circuit of Florida v. McClure, 538 So.2d 518, 520 (Fla. 1st DCA 1989) ("entire [state attorney's] office need not be disqualified because one member may have disqualifying interest"); Black v. State, 920 So.2d 668 (Fla. 5th DCA 2006) (the confidentiality of a conversation between an attorney and client depends on whether the person knew or should have known that the conversation was being overheard); Bassett v. State, 895 N.E.2d 1201 (Ind.2008) (telephone conversations between the defendant and counsel were not confidential because the defendant knew they may have been recorded). That, in my view, cannot be determined without full opportunity for both sides to be heard.
I would deny the motion to dismiss, order the respondent to show cause, and rule on the petition at that time.
NOTES
[1] For example, unless a defendant is convicted and files an appeal, the State cannot obtain review if, during trial, the trial court excludes critical State evidence or gives an incorrect jury instruction. Fla. R.App. P. 9.140(c)(1)(K).
[2] In Gaines, the trial court had already dismissed the case based upon its exclusion of the evidence and the State's concession that it had insufficient evidence to support the charge. This subjected the defendant to an impermissible retrial if the case had resulted in a reversal of the suppression order.