MAY, J.,
dissenting.
I respectfully dissent from the dismissal of the petition. I acknowledge that no Florida statute, rule, or case has expressly authorized the petition that is now before *715 us. Equally, no statute, rule, or ease has expressly prohibited this court from considering the petition now before us.
The majority relies on three cases to support its decision to dismiss the petition. State v. Gaines, 770 So.2d 1221 (Fla.2000); Weir v. State, 591 So.2d 593 (Fla.1991); and State v. Pettis, 520 So.2d 250 (Fla. 1988). My reading of these cases does not lead me to the same conclusion.
Gaines involved an appeal from a dis-positive suppression order; not a petition for certiorari. The court’s focus was on whether a dispositive suppression order issued after the trial had begun could be appealed and whether section 924.07(l)(i), Florida Statutes (1997), was unconstitutional because it allowed for such an appeal. The supreme court held that the statute was unconstitutional “to the extent that it provides the State with the right to an interlocutory appeal not provided by court rule.” Gaines, 770 So.2d at 1225. The court then discussed the serious double jeopardy implications that arise when a suppression order is entered after jeopardy has attached. I acknowledge that the court addressed an order issued after the trial had begun. But, its discussion of certiorari was limited to a sentence in a footnote, referencing Weir. See id. at 1227 n. 8. There was no express holding or even significant discussion of the writ of certio-rari.
Weir involved a pre-trial motion determined during trial. There, the court answered the following certified question:
Whether a District Court of Appeal has certiorari jurisdiction to review an order granting a criminal defendant’s motion in limine filed prior to trial but not actually ruled on until trial commenced, at the trial judge’s direction, where such order poses potentially irreparable harm to the state because appeal or retrial are not available in the event of an acquittal?
Weir, 591 So.2d at 593. The court answered the question “no.” Significantly, however, Weir involved a situation where the issue arose prior to trial, but was not resolved until after trial. It did not involve a situation where the issue arose only after the trial had begun.
Here, the issue giving rise to the order occurred after the trial began and could not have been raised prior to the trial. This is precisely what petitions of certiora-ri were designed to address. Moreover, Weir involved an evidentiary ruling where “incessant petitions for certiorari” that would “inhibit the orderly trial of cases” was a justifiable reason for denying relief. Id. at 594. Here, the disqualification of the entire State Attorney’s Office is not an evidentiary ruling. And, unlike Gaines, resolving this issue during trial would not result in a double jeopardy violation.[2]
In Pettis, our supreme court recognized the need to use the writ of certiorari to provide review of matters otherwise not subject to appeal by statute. In doing so, the court noted that
[s]ince that writ provides a remedy only where the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari.
*716 Pettis, 520 So.2d at 252. Those procedural requisites insure that only the most egregious of errors will result in the granting of a petition. For these reasons, I would not dismiss the petition for jurisdictional reasons.
Because we have not yet ordered a response, I cannot opine whether the petition should be granted. There are cases that would suggest that the trial court may have deviated from the essential requirements of the law. See, e.g., Nunez v. State, 665 So.2d 301 (Fla. 4th DCA 1995) (disqualification of a state attorney requires a showing of actual prejudice); Meggs, Second Judicial Circuit of Florida v. McClure, 538 So.2d 518, 520 (Fla. 1st DCA 1989) (“entire [state attorney’s] office need not be disqualified because one member may have disqualifying interest”); Black v. State, 920 So.2d 668 (Fla. 5th DCA 2006) (the confidentiality of a conversation between an attorney and client depends on whether the person knew or should have known that the conversation was being overheard); Bassett v. State, 895 N.E.2d 1201 (Ind.2008) (telephone conversations between the defendant and counsel were not confidential because the defendant knew they may have been recorded). That, in my view, cannot be determined without full opportunity for both sides to be heard.
I would deny the motion to dismiss, order the respondent to show cause, and rule on the petition at that time.

. In Gaines, the trial court had already dismissed the case based upon its exclusion of the evidence and the State's concession that it had insufficient evidence to support the charge. This subjected the defendant to an impermissible retrial if the case had resulted in a reversal of the suppression order.