Kuntz, J.
Petitioners, OIL, LLC and Maximiliano L. Russo, seek certiorari review of an order disqualifying their attorney based upon the court’s conclusion that counsel violated Florida Bar Rule 4-1.9. We grant the petition and quash the order because counsel for the Petitioners did not represent the Respondent and did not participate in confidential communications with the Respondent.

Background

Respondent, Stamax Corp., was the holder of a license from Apple Inc., allowing it to sell and service Apple products as an authorized reseller. Based on its agreement with Apple, Stamax operated a number of stores in South Florida. In 2012, Stamax entered into an agreement with Petitioner, OIL, LLC, that granted OIL the ability to use Stamax’s trade name to sell Apple products in Fort Lauderdale.
A dispute arose between OIL and Sta-max due to OIL’s accumulation of debt from forced purchases of product supplied by Stamax. As a result of this dispute, OIL sued Stamax for breach of contract and fraud related to the 2012 agreement between the parties.
Shortly after the lawsuit was filed, Sta-max filed a verified motion to disqualify counsel for OIL based upon its claim that the attorney had previously represented it through its agent, Fernando Lund. Stamax alleged that Lund had discussed the Sta-max/Apple agreement with the attorney and provided a copy to the attorney. Sta-max also alleged that Lund discussed its “business model, corporate governance issues, ... a shareholder agreement^] and an issue with a store [under construction] in Pembroke Pines.” Stamax asserted that as a result of these discussions, the attorney had offered to represent it and had prepared a draft engagement agreement that Stamax never executed.
In October 2015, an evidentiary hearing was held before Circuit Judge Dale Ross. At the hearing, Lund testified that he could not recall any specific legal advice that the attorney- had given him and “maybe even they were personal, maybe.” Lund also testified that he had a meeting with the attorney at his office during which “the business models” of Stamax were dis *1200 cussed. However, Lund stated that the principal for OIL was present during the entirety of the discussions. In response to a question from the judge, Lund stated that he did have another meeting with the attorney, however, all of the discussions regarding Stamax occurred at the meeting with OIL’S principal. Finally, Lund testified that the only document relevant to the action that was disclosed to the attorney was the Stamax/Apple agreement.
At the request of the new counsel for Stamax, who substituted as counsel after the hearing before Judge Ross, in December 2016, a hearing was held before Circuit Judge Patti Englander Henning. Judge Henning noted that no order had been entered by her predecessor after the October 2015 evidentiary hearing. While noting that she had carefully reviewed the transcript of that hearing, she offered the parties the opportunity to present any additional evidence that they deemed appropriate.
In response, counsel for Stamax stated that with “previous counsel” for his client and OIL “there had been a lot of bickering back and forth on matters that maybe weren’t germane to the ultimate issues in the case.” He stated that he had spoken with counsel for OIL, and “we weren’t going to offer any additional witnesses or testimony.... Ultimately, we were looking for a ruling.”
Judge Henning stated that she had reviewed the transcript and found the testimony of Lund to be credible. She stated at the hearing that counsel for OIL was disqualified and promptly issued a written order. OIL timely sought certiorari review of Judge Henning’s order of disqualification.

Analysis

Disqualification of a party’s chosen counsel is an extraordinary remedy, and one that should be viewed with skepticism and used sparingly. Applied Dig. Sols., Inc. v. Vasa, 941 So.2d 404, 407 (Fla. 4th DCA 2006) (citing Alexander v. Tandem Staffing Sols., Inc., 881 So.2d 607, 608-09 (Fla. 4th DCA 2004)).
Our certiorari jurisdiction is properly invoked to review an order disqualifying a party’s chosen counsel. Manning v. Cooper, 981 So.2d 668, 670 (Fla. 4th DCA 2008). As with a typical certiorari proceeding, the burden is on the petitioner to demonstrate that the trial court departed from the essential requirements of law. Id. However, unlike a typical certiorari proceeding, irreparable harm is presumed as “the denial of the right to choose one’s own lawyer is deemed to cause irreparable harm.” City of Lauderdale Lakes v. Enter. Leasing Co., 654 So.2d 645, 646 (Fla. 4th DCA 1995).
Generally, we review orders disqualifying counsel for an abuse of discretion and this court “will not substitute its judgment for the trial court’s express or implied findings of fact which are supported by competent substantial evidence.” Vasa, 941 So.2d at 408. However, in this unusual circumstance, where a successor judge granted disqualification based upon an evidentiary hearing held by the prior judge, we review the findings de novo.[1] See, e.g., Holmes v. Bridgestone/Firestone, Inc., 891 So.2d 1188, 1191 (Fla. 4th DCA 2005) (“[W]here a trial court’s ruling is based entirely on written evidence, the appellate court is in the same position as the trial court in weighing the evidence.”); Walton v. Estate of Walton, 601 So.2d 1266, 1268 (Fla. 3d DCA 1992) (“The rule *1201 has long been established that where a trial judge bases his final order on the transcribed testimony of witnesses, the appellate court is in the same position in examining the testimony as is the trial judge.”).
Turning to the transcript of the evidentiary hearing held before Judge Ross, we find the testimony fails to approach the level required to justify the drastic remedy of disqualification of a party’s chosen counsel.
Disqualification was purportedly based upon two facts. First, Lund testified that at the meeting with OIL’s attorney, he discussed general business issues with the attorney. Second, Lund testified that he spoke to OIL’s attorney regarding the Sta-max/Apple agreement and may have even provided a copy of the agreement to the attorney.
The discussions and exchange of information at this meeting regarding both issues could not have resulted in the exchange of confidential information. Based upon Lund’s testimony, and that of the attorney himself, the principal for OIL was present during the entirety of the meeting. A discussion in front of a third-party is not entitled to confidentiality.
It is well established that “[a] communication divulged to ‘strangers’ or outsiders can scarcely be considered a confidential communication between attorney and client.” United States v. Gordon-Nikkar, 518 F.2d 972, 975 (5th Cir. 1975); see also United States v. Blackburn, 446 F.2d 1089, 1091 (5th Cir. 1971) (“The communications between defendant and [the attorney] were not privileged, since third persons were present at the time the communications were made.”); Atwood v. Burlington Indus. Equity, Inc., 908 F.Supp. 319, 322 (M.D.N.C. 1995); Osborne v. Johnson, 954 S.W.2d 180, 184 (Tex. App. 1997); People v. Osorio, 75 N.Y.2d 80, 550 N.Y.S.2d 612, 549 N.E.2d 1183, 1185 (1989).
Consistent with this well-established legal rule, section 90.502(l)(c), Florida Statutes (2015), provides that “[a] communication between lawyer and client is ‘confidential’ if it is not intended to be disclosed to third persons.” Consistent with that statute, we have held that “the grounds of confidentiality ordinarily do not apply if a third party were present while the statements in question were being made.” Olds v. State, 302 So.2d 787, 790 (Fla. 4th DCA 1974). If a statement is made in front of a third-party, or in the presence of the other party to the dispute, the statement is not confidential or protected by the attorney-client privilege. Ogden v. Groves, 241 So.2d 756, 758 (Fla. 1st DCA 1970).
Similarly, the Fifth District has held “the confidentiality of a conversation is dependent upon ‘whether the person invoking the privilege knew or should have known that the privileged conversation was being overheard.’ ” Black v. State, 920 So.2d 668, 670 (Fla. 5th DCA 2006) (citation omitted). In this case, there is no doubt that Lund was aware the conversation was being “overheard,” as the entirety of the conversation was conducted in the presence of a principal for OIL.
The same analysis applies to Stamax’s assertion regarding the disclosure of the Stamax/Apple agreement. We agree with OIL that it is likely this agreement would have been discoverable in the course of litigation. However, we need not decide that issue because the voluntary disclosure by Lund to third parties such as OIL stripped it of any confidentiality that it may have had. As with the oral discussions, the information regarding the Sta-max/Apple agreement was shared at the *1202 meeting with counsel for OIL and the principal of OIL.
Therefore, Lund could not have reasonably expected his discussions to be confidential and disqualification is not appropriate when no representation was actually commenced, nor confidential information exchanged. Schultz v. Schultz, 783 So.2d 329, 331 (Fla. 4th DCA 2001); see also Sultan v. Earing-Doud, 852 So.2d 313, 317 (Fla. 4th DCA 2003) (“[T]he issue is whether the firm sought to be disqualified obtained any confidential information as a result”).

Conclusion

Counsel for OIL was not retained by Stamax nor was he ever provided confidential information by Stamax. Therefore, counsel should not have been disqualified.

Order quashed.

Warner and Damoorgian, J.J., concur.

. We note that in this case we would reach the same result regardless of whether our review was de novo or for an abuse of discretion.