United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-20404
_____

IN RE: HARRIS COUNTY, TEXAS; TOMMY THOMAS, Sheriff, Individually
and in his official capacity; PRESTON FOOSE, Deputy, Individually
and in his official capacity; DAN SHATTUCK, Deputy, Individually
and in his official capacity; MANUEL MORENO, Deputy, Individually
and in his official capacity; ALEXANDER ROCHA, Sergeant,
Individually and in his official capacity; JOHN PALERMO, Deputy,
Individually and in his official capacity; MARY BAKER; FRANK E.
SANDERS, MICHAEL A. STAFFORD, Harris County Attorney, In his
official capacity,

                                                      Petitioners.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-186
_____

Before JONES, Chief Judge and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

    We have before us a petition for mandamus requesting that we
vacate the district court's order disqualifying Harris County
Attorneys Mary Baker and Frank E. Sanders, and the rest of the
Harris County Attorney's office from representing the county and
its officers in the underlying lawsuit against Harris County.
Because we agree with the petitioners that they lack adequate
alternative means to seek relief, we consider whether their

_____

    *Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disqualification was erroneous. In re American Airlines, Inc., 972 F.2d 605, 608-09 (5th Cir. 1992).

After careful review of the record, we conclude that the district court did not err in disqualifying Attorneys Sanders and Baker. Id. The record provides ample basis to support the district court's finding that the conduct of Sanders and Baker in the discovery proceedings would prevent the parties from receiving a fair trial, were these attorneys permitted to continue to represent the defendants in a trial before a judge who has lost confidence in their integrity and in which their own conduct could become a focal point.

We do find, however, that the court's disqualification of the entire Harris County Attorney's Office was unjustified. "[A]ttorney disqualification, particularly the disqualification of an entire [office], is a sanction that must not be imposed cavalierly." FDIC v. U.S. Fire Ins. Co., 50 F.3d 1304, 1316 (5th Cir. 1995). The district court's order focused entirely on the conduct of the two named attorneys. The court made no findings of impropriety as to the rest of the office, noting only in passing that "the conduct of [Baker and Sanders] negatively influenced others in this suit." This is insufficient to support such a drastic remedy. See United States v. Bolden, 353 F.3d 870, 879 (10th Cir. 2003) (reversing disqualification order where district court failed to detail either misconduct or alleged conflicts of

2

interest on the part of the entire U.S. Attorney's office).  We therefore affirm the disqualification of Attorneys Baker and Sanders and reverse the disqualification of all other attorneys in the Harris County Attorney's Office.

For the foregoing reasons, the petition for writ of mandamus is GRANTED in part, and DENIED in part.