NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0169n.06
Filed: March 27, 2008

Case No. 06-5348

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RANDALL E. COPE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: NORRIS, BATCHELDER, and GIBBONS, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Petitioner-Appellant Randall Cope ("Cope")

appeals the district court's judgment denying his 28 U.S.C. § 2255 motion to vacate his sentence.

Finding no merit in Cope's contentions, we **AFFIRM** the judgment.

**I. BACKGROUND**

A federal grand jury charged Cope and his brother Terry Cope ("Terry") in an 11-count

indictment for, among other things, conspiracy to commit murder, attempted murder, firearms

offenses, and a plot to kill then-Assistant United States Attorney ("AUSA") David Bunning

("Bunning"). The jury convicted Cope on ten counts, but acquitted him in the plot to kill Bunning.

On June 12, 2000, the district court sentenced Cope to 567 months' and Terry to 502 months'

imprisonment. We affirmed the convictions and sentences on appeal, *United States v. Cope*, 312

F.3d 757 (6th Cir. 2002), recounting the facts in detail, *see id.* at 746-67. On October 4, 2004, Cope

filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging, among other things, ineffective assistance of counsel and prosecutorial misconduct. Respondent-Appellee United States of America ("Government") filed a response opposing Cope's motion. The motion first went before a magistrate, who issued a report and recommendation concluding that the district court should deny Cope's motion because his claims were either procedurally defaulted or lacking in substantive merit. On January 24, 2006, the district court accepted the report and recommendation, over Cope's objections, denying Cope's motion on all claims and declining to issue a Certificate of Appealability ("COA").

Cope then filed a new COA application with this court in accordance with Fed. R. App. P. 22(b). On March 27, 2007, we granted Cope's COA with respect to three issues: (1) whether Cope was denied effective assistance of counsel because his attorney made admissions of guilt during closing arguments; (2) whether Cope was denied effective assistance of counsel because his attorney failed to move for disqualification of the United States Attorney's Office for the Eastern District of Kentucky; and (3) whether the district court abused its discretion by ruling, without an evidentiary hearing, that the Government did not withhold exculpatory evidence.

## II. STANDARD OF REVIEW

When "reviewing the denial of a motion to vacate, alter, or amend a sentence pursuant to 28 U.S.C. § 2255, we review the district court's factual findings for clear error and its legal conclusions de novo." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (citing *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)). Conversely, we review for abuse of discretion a district court's decision whether to hold an evidentiary hearing on a section 2255 motion. *Smith*, 348 F.3d at 550.

2

**III.  ANALYSIS**

Section 2255 provides that "[a] prisoner under sentence of a court established by Act of Congress claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 (2008).  In order to obtain relief under section 2255, the petitioner must establish the "existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress*, 398 F.3d at 858 (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).  Although we granted a COA on three separately stated issues, the first two are simply separate bases upon which Cope claims that his trial counsel provided ineffective assistance.  There are, therefore, two issues before us:  (1) whether Cope's trial counsel was constitutionally ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), because he made admissions of guilt during closing arguments and/or because he failed to move for disqualification of the United States Attorney's Office for the Eastern District of Kentucky; and (2) whether the district court abused its discretion by ruling, without first holding an evidentiary hearing, that the Government did not withhold exculpatory evidence.

**A.      Ineffective Assistance of Counsel**

An ineffective-assistance-of-counsel claim requires the claimant to establish two components:  (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defendant.  *Strickland*, 466 U.S. at 687.  "[T]he proper standard for attorney performance is that of reasonably effective assistance," *id*., as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quotation marks and internal

3

citations omitted). As the Court made clear in *Strickland*, and has reiterated many times since, those "prevailing professional norms" are the norms in place at the time counsel provided the now-challenged assistance. *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."); *see also Wiggins v. Smith*, 539 U.S. 510, 523 (2003) ("[W]e must conduct an objective review of [counsel's] performance, measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." (quotation marks and internal citations omitted)). At its core, the ineffective assistance of counsel analysis is based on "an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, which is a highly deferential standard and includes the strong presumption that counsel's conduct "falls within a wide range of reasonable professional assistance," *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003).

### 1. Defense counsel's statements during oral argument

Cope alleges that in three separate instances during closing argument, his attorney conceded Cope's guilt and that because of those statements counsel's assistance was constitutionally deficient. The three statements of his counsel to which Cope objects are these:

> I talked to the prosecutors about this thing on many — this case on many occasions. And I told them, you know, I'm not going to get a fair trial, I'm going to get a — strike that. No disrespect to the Court. I'm going to get a trial, but it's going to be a trial that's so overwrought with prejudice, because of what occurred here, that nobody in their right mind could acquit these people. I know that. And they shouldn't be acquitted of some things, perhaps.

* * * * *

4

There was a shooting around 1-22 of '99. There is virtually no question about it. Did Randy Cope participate in it? Did he aid and abet Terry Cope to do it? There is no proof of that. Could you convict him? Absolutely. You folks have the power. You've got much more power than her Honor. You've got much more power than those two U.S. Attorneys there. But you have the power to decide. As Mr. Howe said, you've got the power to vote back there. Could you convict him of it? There is no question. Did he do it? Probably not. That scares me.

* * * * *

The offense occurs when you take it to the next level and you actively participate and you do something to kill somebody, as was done in this case, but, however, not to David Bunning.

A defendant's right to effective assistance of counsel extends to closing arguments. *Yarborough v. Gentry*, 540 U.S. 4, 5 (2003). But "counsel has wide latitude in deciding how best to represent a client," and we must give deference to counsel's tactical decisions in his closing argument "because of the broad range of legitimate defense strategy at that stage." *Id*. at 5-6. Indeed, "[j]udicial review of a defense attorney's summation is therefore highly deferential — and doubly deferential when it is conducted through the lens of federal habeas." *Id*. at 6.

Cope failed to establish the first *Strickland* prong because he did not show that any of the three challenged statements, viewed either individually or collectively, rendered counsel's performance constitutionally deficient. Both the district court and the magistrate examined the three challenged statements in context, not as stand-alone statements. In context, the first statement was part of an appeal to the jury to give Cope and Terry a fair trial, and it was followed immediately by counsel's asking the jury, "[b]ut the issue is, can you follow your duty and give these people a fair trial? And that's all we want." An appeal for a fair trial and for the jury to perform its constitutional duties does not constitute ineffective assistance of counsel. *See Campbell v. United States*, 364 F.3d 727, 733 (6th Cir. 2004) (holding not to be improper counsel's statement to the jury to "[p]erform

the duties that your oath says that you will do. And whatever your verdict is, it is. If your verdict ultimately is guilty, so be it; it's guilty. That's what our system is about."). Moreover, the comment that Cope and Terry "shouldn't be acquitted of some things, perhaps" must be viewed in light of Cope's having sought to raise the defense of entrapment to some of the counts of the indictment, *see Cope*, 312 F.3d at 778; that defense is premised on an admission that the defendant committed the acts charged. Counsel's statement was an acknowledgment of that defense, not an admission of guilt. *See Valenzuela v. United States*, No. 05-70742, 2005 WL 1355100 at *3 (E.D. Mich, June 3, 2005) ("A strategic decision to make a limited factual admission for the purpose of advancing an affirmative defense is a substantially different matter than offering a full admission of guilt."). Read in context, the first statement reflects an objectively reasonable trial strategy.

The second statement was a recognition that the jury had the power to decide Cope's fate. Defense counsel said that the jury could convict Cope of attempting to kill Jackson even though "there is no proof" that he had anything to do with the shooting and "probably" did not do it — a prospect that "scare[d]" defense counsel. Nothing in that statement even approached an admission of guilt; quite the contrary, it expressed defense counsel's apprehension that the jury would convict an innocent man based on insufficient proof. Again, the second statement is clearly objectively reasonable.

The third statement was part of defense counsel's larger point that, in this country, it is not a crime to dislike someone, hate someone, or even wish someone were dead. The crime occurs when "you take it to the next level." After the excerpt recounted above, defense counsel emphasized that "there is no proof" Cope attempted to kill AUSA Bunning. Read in context, that statement simply acknowledged that while there had been actions taken to "kill somebody," there was no proof that

anybody actually tried to kill AUSA Bunning. The jury obviously agreed, because they acquitted Cope on the charge relating to AUSA Bunning. Clearly, that third statement was objectively reasonable.

### 2. Defense counsel's failure to file a motion to recuse

Cope next argues that because he was charged with attempting to murder Bunning — who at the time served as an AUSA for the Eastern District of Kentucky — the entire United States Attorney's Office should have been disqualified from conducting his prosecution because of prosecutorial bias, and that his counsel's failure to file such a motion rendered his assistance constitutionally ineffective. We find Cope's assertion meritless.

A scenario in which a court can disqualify an entire United States Attorney's office will rarely, if ever, present itself. *United States v. Bolden*, 353 F.3d 870, 875 (10th Cir. 2003). The disqualification of Government counsel is a drastic measure and, even if one AUSA has a conflict of interest, the proper remedy is to disqualify that individual from the case, not all of the attorneys in the district. *Id.* at 875-76; *see also United States v. Caggiano*, 660 F.2d 184, 190-91 (6th Cir. 1981) (reversing the district court's decision to disqualify an entire United States Attorney's office where one of the attorneys in the office had served as Caggiano's defense lawyer during a previous case, on the same charges, that ended in a hung jury.); *In re Harris County*, No. 05-20404, 240 Fed. Appx. 644, 645-46 (5th Cir. June 28, 2007) (holding as improper the disqualification of an entire county prosecutor's office, stating that such a sanction "must not be imposed cavalierly," but upholding the disqualification of two individual prosecutors.). "There is, of course, quite a difference in the relationship between law partners and associates in private law firms and lawyers representing the government." *Caggiano*, 660 F.2d at 190. "[D]isqualifying an entire United States

7

Attorney's office is almost always reversible error, regardless of the underlying merits of the case." *Bolden*, 353 F.3d at 876.

Cope does not allege that Bunning participated in any way in his prosecution. Given that fact, and the strong preference not to exclude an entire United States Attorney's office from a case, we agree with the district court that defense counsel's failure to file a motion to do so was not objectively unreasonable. Cope therefore cannot satisfy the first prong of *Strickland* with regard to this claim of ineffective assistance of counsel.

When deciding ineffective-assistance claims, we "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Crawford*, 364 F.3d at 730 (quoting *Strickland*, 466 U.S. at 697). Because we hold that Cope failed to demonstrate that his counsel's performance was deficient in any of the particulars he has raised in his ineffective-assistance claims, we do not reach *Strickland*'s second prong, the question of prejudice.

**B.     The District Court's Failure to Hold an Evidentiary Hearing**

Cope's last argument is that the district court abused its discretion when it concluded, without holding an evidentiary hearing, that the Government did not withhold exculpatory evidence. Specifically, Cope claims that the Government withheld the information that one of its witnesses, Shirley Sheppard ("Sheppard"), was under investigation by the United States Attorney's Office for the Western District of Kentucky at the time of his testimony. This impeachment information, Cope maintains, should have been disclosed in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963).

Government attorneys prosecuting a case have a duty to learn of any evidence favorable to the defendant known to anyone acting on the Government's behalf in the case, including police officers. *O'Hara v. Brigano*, 499 F.3d 492, 502-03 (6th Cir. 2007) (citing *Kyles v. Whitley*, 514 U.S.

8

419, 437 (1995)). Even "unintentional suppression of exculpatory evidence by the prosecution will suffice to establish a *Brady* violation." *Id*. at 503 (citing *Strickler v. Green*, 527 U.S. 263, 292 (1999)). Impeachment evidence qualifies as *Brady* material that the prosecution must disclose. *Id*. at 502.

The first flaw in Cope's argument is that the United States Attorney's Office for the Western District of Kentucky was not working on behalf of the United States Attorney's Office for the Eastern District of Kentucky in this case. There was no collaborative effort between the two offices regarding Cope's and Terry's prosecution or any investigation into Sheppard. Additionally, the Government filed two signed pleadings with the magistrate stating that the prosecutors in Cope's case "had no knowledge of" and were "completely unaware" of any investigation of Sheppard at the time of Sheppard's testimony against Cope. Cope provides no evidence to the contrary.

The second flaw here is that Sheppard was not indicted until April 4, 2001, more than a year after the jury reached a verdict in Cope's case, and Cope has conceded that he has no basis for his claim that any investigation of Sheppard was in fact underway at any time during Cope's prosecution. While it is possible that the United States Attorney's Office for the Western District of Kentucky was investigating Sheppard at the time of his testimony, there is absolutely no evidence to that effect, and, as we have already pointed out, there is no evidence that anyone in the United States Attorney's Office for the Eastern District of Kentucky, or any of the law enforcement officers working on the case, were aware of any such investigation.

The district court correctly concluded that where the record demonstrates that there is no basis for relief, the burden is on the petitioner who seeks an evidentiary hearing in proceedings under 28 U.S.C. § 2255 to establish his entitlement to such a hearing by showing the existence of a factual

dispute. *See United States v. Smith*, 348 F.3d 545, 551 (6th Cir. 2003). Acknowledging that the government is obligated to discover exculpatory evidence known to anyone acting on its behalf, *see Strickler v. Green*, 527 U.S. 263, 280-81 (1999), the district court also acknowledged that the government is not obligated to go looking for exculpatory evidence of which it is not aware, *see United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). The district court held that Cope had provided nothing more than mere speculation that an investigation of Sheppard might have been ongoing in the Western District of Kentucky at the time of Cope's trial, or that the United States Attorney's Office in the Eastern District of Kentucky might have been aware of it, and mere speculation was not enough to entitle Cope to an evidentiary hearing. We find no abuse of discretion in the district court's refusal to hold an evidentiary hearing prior to ruling on Cope's *Brady* claim.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.